Neama Rahmani, Esq. (State Bar No. 223819)
Houman Sayaghi, Esq. (State Bar No. 313695)
WEST COAST TRIAL LAWYERS, APLC
350 South Grand Avenue, Suite 3350
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile:  (213) 927-3701
filings@westcoasttriallawyers.com

Kaveh Navab, Esq. (SBN: 280235)
navablaw@gmail.com
NAVAB LAW, APC
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone: 310-826-1002

Attorneys for Plaintiffs

# UNTIED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent; <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO, a municipal entity; Sheriff SHANNON D. DICUS, in his individual, and official capacities; DOES 1-15, inclusive. <br><br> Defendants. | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983) <br> 2. Deprivation of Life Without Due Process (42 U.S.C. § 1983) <br> 3. Interference with Parent-Child Relationship (42 U.S.C. §1983) <br> 4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br> 5. Wrongful Death (Cal. Civ. Proc. Code § 377.60) <br> 6. Assault and Battery <br> 7.  Negligence <br> 8.  Violation of Bane Civil Rights Act (Civil Code § 52.1) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs ARTHUR JAMES, the father of the deceased minor child, AARON JAMES and STACEY M. ABBOTT, the mother of the deceased minor child, Aaron James, upon information and belief allege as follows:

## INTRODUCTION

1.    DEFENDANT SHERIFF SHANNON D. DICUS has failed to impose adequate discipline on his deputies who committed killings, or who committed other types of excessive force, creating a culture of impunity within the San Bernardino Sheriff's Department that encourages such violence and incidents of unreasonable force against the public.

2.    DEFENDANT COUNTY OF SAN BERNARDINO, by summarily rejecting Plaintiffs' claim for damages, has proved unwilling to accept responsibility for the wrongs committed by its Deputies and other county employees.

3.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California State laws in connection with the fatal shooting of minor Aaron James on or about April 2, 2024.

4.    DEFENDANTS SHERIFF'S DEPUTIES DOES 1-5 proximately caused Aaron James' death by integrally participating or failing to intervene in the shooting, and by engaging in other acts/ or omissions around the time of the shooting that resulted in Aaron James's death, including, using unreasonable force against him. Defendants DOES 1-5 are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

5.    DEFENDANTS COUNTY and DOES 6-15 also proximately caused Aaron James' death and are liable under state and/or federal law and/or under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6.    The policies and customs behind shootings of civilians such as Aaron James are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiffs herein seek by means of this civil rights action to

hold accountable those responsible for the killing of Aaron James and to challenge the COUNTY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

### VENUE & JURISDICTION

7.    Venue is proper in this District because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

8.    Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

9.    The incidents complained of occurred in Victorville, California in the County of San Bernardino. On April 2, 2024, at approximately 12:30 p.m., Decedent Aaron James was shot and killed by Defendants SHERIFF'S DEPUTIES DOES 1-5 of the San Bernardino County Sheriff's Department.

### PARTIES

10.    Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT (hereinafter referred to as "Plaintiffs") are, and at all times mentioned herein were, individuals residing in the County of San Bernardino, California, and are the biological parents of DECEDENT Aaron James.  Plaintiffs sue as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30. A declaration pursuant to § 377.32 is filed concurrently herewith. Plaintiffs seek survival damages under federal law.

11.    DECEDENT Aaron James (hereinafter referred to as "Decedent" AND/OR "Aaron James") was, at all times relevant to his action, an individual residing in the County of San Bernardino, California.

12. Plaintiffs are informed and believe that Defendant COUNTY OF SAN BERNARDINO (hereinafter referred to as "COUNTY") is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants SHERIFF SHANNON D. DICUS (hereinafter referred to as "Sheriff Dicus"), and DOES 1-10, who were either COUNTY employees, deputies, or managerial, supervisorial, and policymaking employees of the COUNTY and/or the sheriff's department are sued in their individual capacity for damages only.

13. At all relevant times, Defendants SHERIFF DICUS and DOES 1 to 10 were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as COUNTY sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

14. At all relevant times, Defendants SHERIFF'S DEPUTIES DOES 1 to 10 were duly appointed COUNTY deputies and/or employees or agents of the COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials

15. At all relevant times, Defendants DOES 11-15 where County employees who were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as COUNTY employees and with the complete authority and ratification of their principal, Defendant COUNTY.

16. In doing the acts and failing and omitting to act as hereinafter described, SHERIFF'S DEPUTIES DOES 1 to 10 were acting on the implied and actual permission and consent of COUNTY.

17. In doing the acts and failing and omitting to act as hereinafter described, COUNTY employees DOES 11 to 15 were acting on the implied and actual permission and consent of COUNTY.

18. Defendants SHERIFF'S DEPUTIES DOES 1 to 5 were, at all relevant times, the deputies that fatally shot Aaron James while employed by COUNTY. Based on information and belief, Defendants SHERIFF'S DEPUTIES DOES 1 to 5 were present

when Aaron James was shot and killed but failed to intervene and stop the unjustified use of deadly force. Defendants SHERIFF'S DEPUTIES DOES 6 to 15 were each duly appointed, qualified and acting ranking officers, officials and employees of COUNTY, also charged by law with the supervision, management, control, operation, and administration of the San Bernardino County Sheriff's Department and COUNTY. Each Defendant was acting within the course and scope of their said employment and under the color of state law, and as the employee, agent and representative of each other Defendant.

19.    Plaintiffs are informed and believe and thereon allege that each of the Sheriff's deputies Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 15, inclusive, and each of them, are not now known to Plaintiffs who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

20.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

21.    On October 1, 2024, Plaintiff ARTHUR JAMES timely filed a timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

22.    On November 8, 2024, Plaintiff ARTHUR JAMES' claims were rejected by the County of San Bernardino.

23.    On October 1, 2024, Plaintiff STACEY M. ABBOTT timely filed a timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

24.    On November 8, 2024, Plaintiff STACEY M. ABBOTT'S claims were rejected by the County of San Bernardino.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

25.    On or about March 30, 2024, Aaron James was placed on a 51-50 hold at a local hospital in or around San Bernardino County, California.

26.    On or about April 2, 2024, Aaron James was scheduled to be transported from the local hospital to a mental health facility where he would receive further mental health treatment. While in transport and in custody and control of COUNTY and DOES 11-15, due to the COUNTY's negligence and failure to properly supervise Aaron James, a minor, was able to escape.

27.    The vehicle that transported Aaron James was owned, leased, occupied, and/or controlled by Defendant COUNTY.

28.    Defendant COUNTY and DOES 11-15, failed to use reasonable care in the design and/or maintenance of the vehicle transporting Aaron James and/or failed to use reasonable care in the transportation of Aaron James, a minor, who they were entrusted with the care of.

29.    Plaintiffs are informed and believe at some point after Aaron James escaped the custody of COUNTY and DOES 11-15, San Bernardino County Sheriff's Department received a call for service to the 17100 block of Forest Hills Drive in Victorville, California.

30.    Plaintiffs are informed and believe that the caller reported an unwanted subject at the home. Defendants SHERIFF'S DEPUTIES DOES 1-5 responded to the scene after the call.

31.    Plaintiffs are informed and believe that at the time Defendants SHERIFF'S DEPUTIES DOES 1-5 arrived on scene, Aaron James neither harmed nor threatened to harm any other person at the home.

32.    At some point, Aaron James locked himself alone in a small bathroom inside the home. While in the bathroom, Aaron James was not a threat to others while he was alone in the bathroom. After approximately 30 minutes of being in the bathroom alone,

Aaron James may have threatened to harm himself, when multiple deputies broke down the door to the small bathroom, by kicking down the door.

33.   Plaintiffs are informed and believe that Defendant SHERIFF'S DEPUTY DOE 1-5 forcefully kicked down the bathroom door and entered first. Aaron James stood in the corner of the bathroom, next to the bathtub. Once in the bathroom, the Defendants SHERIFF'S DEPUTIES DOES 1-5 further escalated the situation and charged Aaron James and used excessive and unreasonable force to tackle him into the bathtub.

34.   Defendants SHERIFF'S DEPUTIES DOES 1-5, immediately after tackling Aaron James into the bathtub, unjustifiably and unreasonably used deadly force and shot and killed 17-year-old Aaron James in the bathroom. At the time that the deputies tackled and then used deadly force on Aaron James, he did not present an imminent threat of harm or serious injury to the Defendants' SHERIFF'S DEPUTIES DOES 1-5 or the others. Aaron James was transported to a nearby hospital where he was pronounced dead from the gunshot wound.

35.   At the time Defendants SHERIFF'S DEPUTIES DOES 1-5 broke down the bathroom door, there were no facts to suggest that Aaron James posed a threat to deputies or other people present at the location.

36.   Defendants SHERIFF'S DEPUTIES DOES 1-10 had ample time and the opportunity to bring in a mobile crisis team and/or other specialist to address the known mental crisis minor 17-year-old Aaron James was suffering from at the time.

37.   Upon further information and belief, Plaintiffs contend that Aaron James' ongoing mental health crisis was known to Defendants COUNTY, DOES 11-15 and SHERIFF'S DEPUTIES DOES 1-10. This is because at the time of the incident, Aaron James was in custody of COUNTY, being transported from a local hospital where he was on 51-50 hold, to a mental health facility where he was to receive further treatment. Notwithstanding this information, Defendants COUNTY, DOES 11-15 and SHERIFF'S DEPUTIES DOES 1-10 either failed to call, or failed to wait for assistance from, the community-based mobile crisis response team for people experiencing a psychiatric

emergency. Rather, Defendants SHERIFF'S DEPUTIES DOES 1-5 unreasonably and unjustifiability used deadly force and killed 17-year-old Aaron James.

## FIRST CAUSE OF ACTION

Unreasonable Search and Seizure—Excessive Force (42. U.S.C. § 1983)

(Against COUNTY and DOES 1-10)

38.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39.    Plaintiffs bring this cause of action against DOES 1-10 in their individual capacities

40.    Defendants SHERIFF'S DEPUTIES DOES 1-10 unjustified shooting and use of deadly force was both excessive and unreasonable under the circumstances. Defendants unjustified killing of Aaron James deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Aaron James under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Plaintiffs, as the parents of the decedent, have the right and standing to assert Aaron James' claim for his violation of his Fourth and Fourteenth Amendment rights.

41.    Defendant's use of deadly force was both excessive and unreasonable, especially because Aaron James posed no immediate threat of death or serious bodily injury at the time of the shooting to the deputies or others.

42.    Defendants' unlawful use of deadly force caused Aaron James to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when he was fatally shot by Defendants SHERIFF'S DEPUTIES DOES 1-10 who were acting under the color of law and as employees of COUNTY and/or San Bernardino Sheriff's Department. Defendants SHERIFF'S DEPUTIES DOES 1-10, inclusive, integrally participated in or failed to intervene in the shooting.

43.    Defendants SHERIFF'S DEPUTIES DOES 1-10 shooting and use of force violated their training, Post requirements and California and Federal law.

44.    As a direct and legal result of the aforesaid acts and omissions of Defendants, and each of them, Aaron James was deprived of his liberty and life without warrant or justification.

45.    As a result of their conduct, Defendants are liable for Aaron James' injuries either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent those violations.

46.    As a direct and legal result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of their son, Aaron James' love, affection, society, support, and companionship for the remainder of his life.

47.    Plaintiffs seek reasonable attorney's fees pursuant to 42 USC § 1988.

48.    Plaintiffs are informed and believe and thereon allege that the acts of the individual defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiffs. with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiffs seek punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION

Deprivation of Life Without Due Process-(42 U.S.C. § 1983)

(Against COUNTY and DOES 1-10)

49.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50.    Plaintiffs brings this cause of action against Defendants SHERIFF'S DEPUTIES DOES 1-10 in their individual capacities

51.    Defendants SHERIFF'S DEPUTIES DOES 1-10 acted under color of state law within the course and scope of their duties as San Bernardino Sheriff's Department deputies when they wrongfully killed Aaron James who posed no imminent threat of danger to Defendants or anyone else. Aaron James posed no threat when San Bernardino Sheriff's Department unjustifiably used excessive force and shot and killed him.

52.    Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT have a cognizable interest under the Substantive Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution to be free from state actions that deprive their son of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their relationships with Aaron James.

53.    While engaging in excessive force by Defendants SHERIFF'S DEPUTIES DOES 1-10 and acting under color or state law, Defendants SHERIFF'S DEPUTIES DOES 1-10 shot and killed Aaron James thereby depriving him of his life without due process of law. Defendants SHERIFF'S DEPUTIES DOES 1-10's actions also caused Aaron James extreme pain and suffering, loss of life, earning capacity and his relationships with his family and friends.

54.    The actions of Defendants SHERIFF'S DEPUTIES DOES 1-10, along with other undiscovered conduct, shocked the conscience, in that deliberation was practical and Defendants acted with deliberate indifference to Plaintiffs' constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

55.    As a legal result of their conduct, Defendants are liable for Aaron James's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

56.    The claim against Defendants COUNTY, SHERIFF DICUS, and SHERIFF'S DEPUTIES DOES 1-10 are based upon Plaintiffs' allegations that COUNTY's policies, practices or customs were a cause of the injuries suffered by Aaron James and Plaintiffs herein, and as set forth above, or it ratified the deadly force by its conduct after the shooting.

57.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Aaron James' love, affection, society, support, and companionship.

58.    Plaintiffs seek reasonable attorney's fees pursuant to 42 USC § 1988.

59.    Plaintiffs are informed and believe and thereon allege that the acts of the individual defendants were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of Plaintiffs' rights, welfare and safety of those of her spouse, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

60.    Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT bring this claim as the successors in interest to Aaron James and also seek attorneys' fees under this claim.

## THIRD CAUSE OF ACTION

Interference with Parent-Child Relationship-(42 U.S.C. § 1983)

(Against COUNTY and DOES 1-10)

61.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

62.    Plaintiffs bring this cause of action against Defendants SHERIFF'S DEPUTIES DOES 1-10 in their individual capacities.

63.    By wrongfully killing Aaron James by shooting him when he in the care and custody of COUNTY and experiencing an ongoing mental health crisis, Defendants deprived Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT of their Fourteenth Amendment right to a familial relationship with Aaron James. Defendants acted with deliberate indifference to Plaintiff's rights and/or their unlawful conduct shocks the conscience.

64.    Defendants' interference with the parent-child relationship caused Aaron James extreme pain and suffering, loss of life and earning capacity.  Defendants' actions also deprived Plaintiffs of their life-long love, companionship, support, society, care, and sustenance of their son Aaron James, and they will continue to be so deprived for the remainder of their lives.

65.    As a result of their conduct, Defendants are liable for Aaron James' injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

66.    The claim against Defendant COUNTY and Defendants SHERIFF'S DEPUTIES DOES 1-10, is based upon Plaintiff's allegations that COUNTY policies, practices or customs were a cause of the injuries suffered by Aaron James and Plaintiffs herein, as set forth above.

67.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Aaron James' love, affection, society, support, and companionship.

68.    Plaintiffs seek reasonable attorney's fees pursuant to 42 USC § 1988.

69.    Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety and those of their son, justify the awarding of punitive and exemplary damages in an amount to be determined at time of trial. Plaintiffs also seek attorneys' fees under this claim.

///
///
///
///

## **FOURTH CAUSE OF ACTION**

Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against the COUNTY, Sheriff Dicus in his official capacity and DOES 1-10)

70.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), on and for some time prior to April 2, 2024 (and continuing to the present date), Defendants COUNTY, SHERIFF DICUS and SHERIFF'S DEPUTIES DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Aaron James, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.    Failure to provide adequate training and supervision to deputy sheriffs with respect to constitutional limits on the use of deadly force;

b.    Employing and retaining as deputy sheriffs and other personnel, including Defendants SHERIFF'S DEPUTIES DOES 1-5, whom Defendants SHERIFF DICUS, COUNTY and SHERIFF'S DEPUTIES DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written San Bernardino Sheriff's Department policies, including the use of excessive force;

c.    Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants SHERIFF'S DEPUTIES DOES 1-5, whom Defendants COUNTY, SHERIFF DICUS and SHERIFF DEPUTIES DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

d.      By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants SHERIFF'S DEPUTIES DOES 1-5, who are deputies and/or agents of Defendant COUNTY;

e.      By failing to meaningfully investigate and adequately discipline Defendants SHERIFF'S DEPUTIES DOES 1-5 and/or other San Bernardino Sheriff's Department deputies, including but not limited to, unlawful detention and excessive force;

f.      By ratifying the intentional misconduct of Defendants SHERIFF'S DEPUTIES DOES 1-5, and other officers and/ or agents, who are deputies and/or agents of COUNTY;

g.      By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY, SHERIFF DICUS and SHERIFF'S DEPUTIES DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights;

h.      By failing to properly investigate claims of unlawful detention and excessive force by COUNTY deputies; and other San Bernardino Sheriff's Department deputies; and

i.      Condonation and encouragement of deputies in the belief that they can violate the rights of persons such as Aaron James with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

72.   Defendant COUNTY has a longstanding custom or practice of using excessive force when an individual does not pose an imminent threat of harm during a pursuit. On multiple occasions, COUNTY has condoned, allowed and/or encouraged the

use of excessive force and the violation of the constitutional rights by its deputies. The following examples demonstrate the COUNTY's official policy, custom and/or practice of condoning the violation of constitutional rights which was a direct cause of Plaintiffs' damages:

      a.    In *Archibald v. County of San Bernardino*, Case No. 5:2016-cv-01128, a jury found that in November 2015, a San Bernardino County Sheriff's deputy used excessive deadly force against a man displaying symptoms of mental illness and awarded the Plaintiffs $33,000,000 in damages. COUNTY did not discipline the deputy who subsequently used excessive deadly force again when he shot a man who was pulled over for a traffic infraction. The fact that this deputy has engaged in two unjustified shootings and remains employed by the San Bernardino County Sheriff's Department confirms that the County has adopted an official custom, practice and policy of condoning the use of excessive force by deputies.

      b.    In *V.R. et al. v. County of San Bernardino*, Case No. 5: 2016-cv-01128, San Bernardino County Sheriff's deputies used excessive force in fatally shooting a mentally disabled man in July 2018. Plaintiffs are informed and believe that the San Bernardino County Sheriff's Department has not disciplined the deputies, but to the contrary has found that their tactics were within San Bernardino County Sheriff's Department policy.

      c.    In *Trent v. County of San Bernardino*, Case No. 5:2012-cv-02221, a San Bernardino County Sheriff's deputy used excessive force when he shot Ms. Trent in June 2012, resulting in a substantial settlement. Plaintiffs are informed and believe that the deputy was not disciplined and that his use of force was found to be within San Bernardino County Sheriff's Department policy.

      d.    In *T.M. v. County of San Bernardino*, Case No. 5:18-cv-2532, an SBSD deputy shot a 5-foot tall mother of three in the back of the head in connection with a misdemeanor warrant in October 2018. Plaintiffs are informed

and believe that although the County paid a substantial settlement, the deputy was not disciplined and the shooting was found to have been within San Bernardino County Sheriff's Department policy.

        e.     In *M.A. et al. v. County of San Bernardino*, Case No. 20-cv-00567, San Bernardino County Sheriff's deputies used excessive force when they shot and killed a man without justification in July 2019. Plaintiffs are informed and believe that the deputies involved have not been disciplined and that the shooting was found to be within San Bernardino County Sheriff's Department policy.

        f.     In *Gomez v. Peppler*, Case No. 13-cv-02185, the County paid $5,000,000 to settle a case in which a San Bernardino County Sheriff's Department deputy shot an unarmed man in August 2011. Plaintiffs are informed and believe that the deputies involved in the incident were not disciplined and that the shooting was found to be within San Bernardino County Sheriff's Department policy.

        g.     On September 18, 2015, a San Bernardino Sheriff's deputy shot and killed Nicholas Johnson during a pursuit. At the time of the shooting, Johnson was not posing an imminent risk of harm to anyone as he was driving straight in the emergency lane. In 2016, San Bernardino County Sheriff McMahon presented the involved deputies the Sheriff's Medal of Valor for the use of excessive force. Upon information and belief, there is a repeated pattern of failing to discipline deputies who engage in excessive force.

        h.     In April 2015, San Bernardino Sheriff's deputies beat and tased Francis Jared Pusok after he fled police on a stolen horse. When Pusok fell off the horse, deputies pinned him to the ground, tased and beat him. Seven of the ten deputies involved were placed on administrative leave and resumed their duties in January 2016.

      73.    On multiple occasions, COUNTY has condoned, allowed and/or encouraged the use of excessive force and the violation of the

constitutional rights by its deputies, including the use of excessive force against individuals during a pursuit.

74. By reason of the aforementioned policies and practices of Defendants COUNTY, SHERIFF DICUS, and SHERIFF'S DEPUTIES DOES 6-10, Aaron James was severely injured and subjected to pain and suffering and lost his life.

75. Defendant COUNTY is liable pursuant to *Monell* because it maintained condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Aaron James's rights and/or because it ratified the actions of its employees by finding that their actions leading to the death of Aaron James were in conformity with the San Bernardino County Sheriff's Department's policy and by failing to discipline the involved deputies and employees.

76. On information and belief, Defendants SHERIFF'S DEPUTIES DOES 1-5 were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with Aaron James' death.

77. On information and belief, Defendant COUNTY failed to properly and adequately train Defendants SHERIFF'S DEPUTIES DOES 1-5, including but not limited to, with regard to the use of physical force, less than lethal force, and legal force. The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force.

78. Defendants COUNTY, SHERIFF DICUS, and SHERIFF'S DEPUTIES DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and

consequences of these policies with respect to the constitutional rights of Aaron James, Plaintiffs, and other individuals similarly situated.

79.     Upon information and belief, SHERIFF DICUS is a final policymaker for the San Bernardino County Sheriff's Department. Upon information and belief, Specialized Investigations Detective Ian Gosswiller of the San Bernardino County Sheriff's Department investigated the shooting and concluded the involved officers acted according to policy. Upon information and belief, SHERIFF DICUS approved of this conclusion.

80.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants SHERIFF DICUS and SHERIFF'S DEPUTIES DOES 6-10 acted with intentional, reckless, and callous disregard for the life of Aaron James and for Aaron James' and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY, SHERIFF DICUS and SHERIFF'S DEPUTIES DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Aaron James and Plaintiffs.

81.     The actions of each of Defendants SHERIFF'S DEPUTIES DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants SHERIFF'S DEPUTIES DOES 6-10.

82.     By reason of the aforementioned acts and omissions of Defendants COUNTY, SHERIFF DICUS and SHERIFF'S DEPUTIES DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and  will continue to be so deprived for the remainder of their lives.

83.     Accordingly, Defendants COUNTY, SHERIFF DICUS and SHERIFF'S DEPUTIES DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

84.     Plaintiffs seek reasonable attorney's fees pursuant to 42 USC § 1988.

**FIFTH CAUSE OF ACTION**

Wrongful Death (Cal. Civ. Proc. Code § 377.60)

(Against COUNTY and DOES 1-10)

85. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86. Defendants SHERIFF'S DEPUTIES DOES 1-5, killed Aaron James despite the absence of an imminent threat of death or physical injury to themselves or others. Aaron James posed no threat to the officers' safety or to the safety of others. Because Plaintiffs are the parents of their deceased minor child, Aaron James, Plaintiffs are the proper persons to sue for his wrongful death under California state law.

87. Plaintiffs assert wrongful death actions against all Defendants pursuant to C.C.P. §§ 377.60 *et seq.* Per California Probate Code Section 6402 (b), Plaintiffs are, "… the decedent's parent or parents…" This claim is based upon the fact that Defendants' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Aaron James' death and the resulting damages to Plaintiffs. As a result of their conduct, Defendants SHERIFF'S DEPUTIES DOES 1-10 are liable for Plaintiffs injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations.

88. The civil rights violations alleged herein, as well as defendants' other tortious acts and omissions, and negligence under California Civil Code Section 1714 form the basis for this cause of action.

89. Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants SHERIFF'S DEPUTIES DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety and those of their son, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

90.     As a direct and legal result of Defendants SHERIFF'S DEPUTIES DOES 1-10's acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, support and benefits, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Aaron James' love, affection, society and companionship.

91.     Plaintiffs seek both survival and wrongful death damages and all other damages and remedies available under state law.

### SIXTH CAUSE OF ACTION

Assault and Battery

(Against COUNTY and DOES 1-10)

92.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93.     Defendants SHERIFF'S DEPUTIES DOES 1-5, while working as Deputy Sheriffs for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally used unreasonable force against Aaron James, including but not limited to, shooting him when he posed no threat to the officers or anyone else.  Upon information and belief, Aaron James was shot multiple times.  Defendants SHERIFF'S DEPUTIES DOES 1-5, had no legal justification for using deadly force against Aaron James as this use of force was unnecessary and unreasonable.

94.     Defendants SHERIFF'S DEPUTIES DOES 1-5's assault and battery caused Aaron James extreme pain and suffering, and loss of life and earning capacity.  Defendants SHERIFF'S DEPUTIES DOES 1-5's actions also deprived Plaintiffs of the life-long love, companionship, support, society, care and they will continue to be so deprived for the remainder of their lives.

95.     As a direct and legal result of Defendants SHERIFF'S DEPUTIES DOES 1-5's acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of

earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Aaron James' love, affection, society, support and companionship.

96.    Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants COUNTY, SHERIFF DICUS, and SHERIFF'S DEPUTIES DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

97.    As a result of their conduct, Defendants COUNTY, SHERIFF DICUS, and SHERIFF'S DEPUTIES DOES 1-10 are liable for Aaron James' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

98.    Plaintiffs bring this claim as successors-in-interest to Aaron James and seek both survival and wrongful death damages under state law.

## SEVENTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

99.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

100.    Defendants owed a duty of care toward Aaron James and were required to use reasonable diligence to ensure that Aaron James was not harmed by Defendants acts or omissions.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

   a.    the failure to properly assess and/or supervise the need to detain, arrest, use force or deadly force against Aaron James;

b.    the negligent tactics and handling of the situation with Aaron James, including pre-shooting negligence;

c.    the negligent detention, arrest, use of force, including deadly force, against Aaron James;

d.    the failure to employ non-deadly alternatives and to exercise due care;

e.    the failure to properly train, supervise and discipline employees, including the individual Defendants;

f.    the failure to provide timely medical assistance to Aaron James;

g.    the negligent hiring, retention and assignment of its employees, including the individual defendants.

h.    the failure to supervise Aaron James while he was on a 51-50 hold and being transported to a County mental health facility.

101.    Defendants' conduct caused Aaron James, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity.  Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their son and they will continue to be so deprived for the remainder of their life.

102.    In addition, at the aforementioned date, time and place, the Defendants negligently, carelessly and without reasonable care, touched and fatally battered Aaron James;

103.    As a result of their conduct, Defendants are liable for Aaron James' injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

104.    Defendant COUNTY is vicariously liable under Government Code section 815.2 for the acts of its employees Defendants SHERIFF'S DEPUTIES DOES 1-5, and COUNTY employees DOES 11-15 committed in the course and scope of their employment with the COUNTY.

105.   Plaintiffs bring this claim as successors-in-interest to Aaron James and seek both survival and wrongful death damages under state law.

## EIGTH CAUSE OF ACTION

Violation of Bane Act (Cal. Civil Code § 52.1)

(Against COUNTY and DOES 1-10)

106.   Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107.   As alleged herein, Defendants interfered by threats, intimidation, or coercion with Aaron James' rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

108.   Defendants' conduct caused Aaron James extreme pain and suffering, and loss of life, earning capacity and his relationships with his parents, friends and family. Defendants' actions also deprived Plaintiffs of Aaron James' life-long love, companionship, support, society, care, and they will continue to be so deprived for the remainder of their life.

109.   As a result of their conduct, Defendants are liable for Aaron James' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

110.   As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary

losses not yet ascertained and the loss of Aaron James' love, affection, society and companionship.

111.    Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Aaron James, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

112.    Plaintiffs seek reasonable attorney's fees pursuant to Calif…rnica Civil Code Section 52.1(i).

113.    Plaintiffs bring this claim as successors-in-interest to Aaron James and seek both survival and wrongful death damages under state law. Plaintiffs also seek reasonable attorneys' fees under this claim.

//
//
//
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

AS TO EACH OF THE ACTIONS AS APPLICABLE:

1.  For General Damages according to proof;

2.  For Special Damages according to proof;

3.  For Punitive Damages according to proof (excluding the County of San Bernardino);

4.  For Attorneys' Fees pursuant to statute and costs of suit;

5.  For such other and further relief as the Court may deem proper;

6.  For such other and further relief as the Court may deem just, proper, and appropriate.

Dated: January 17, 2025,                    **NAVAB LAW, APC**

By: _____

Kaveh Navab, Esq.
Attorney for Plaintiffs

## <u>DEMAND FOR JURY TRIAL</u>

     Plaintiffs hereby demand a trial by jury.


Dated: January 17, 2025,               **NAVAB LAW, APC**

                                     By: _____
                                     Kaveh Navab, Esq.
                                     Attorney for Plaintiffs