1  Alexander F. Giovanniello (CSB # 125562)
   Joseph M. Lorant (CSB# 327731)
2  **GIOVANNIELLO LAW GROUP**
   Six Pointe Drive, Suite 520
3  Brea, California 92821

4  Ph:  (714) 364-4000
   Fax: (714) 364-4001
5
   Attorneys for Defendant:
6  DESERT VALLEY HOSPITAL, LLC dba
   DESERT VALLEY HOSPITAL
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 ARTHUR JAMES, and STACEY M.      ) Lead Case: 5:25-cv-00140-WLH-SHK
   ABBOT as parents of, and successors ) Consolidated Case: 5:25-cv-01107 JGB
12 in interest to, AARON JAMES,     ) (DTBx)
   decedent;                        )
13                                  ) NOTICE OF ENTRY OF ORDERS
                                    ) REGARDING MOTION TO DISMISS
14           Plaintiffs,            ) THE JAMES PLAINTIFFS' SECOND
                                    ) AMENDED COMPLAINT BY
15 vs.                              ) DEFENDANT DESERT VALLEY
                                    ) HOSPITAL, LLC dba DESERT
16 COUNTY OF SAN BERNARDINO,        ) VALLEY HOSPITAL
   a municipal entity; Sheriff      )
17 SHANNON D. DICUS, in his         )
   individual, and official capacities; ) DISTRICT JUDGE: Wesley L. Hsu
18 DESERT VALLEY HOSPITAL,          ) MAGISTRATE JUDGE: Shashi H.
   LLC, a Delaware Limited Liability ) Kewalramani
19 Company; DOES 1-20, inclusive.   )
                                    ) Complaint filed September 3, 2020
20           Defendants.            )
                                    ) Trial Scheduled: March 3, 2022
21 _____ )

22        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23        **PLEASE TAKE NOTICE** that on Augst 22, 2025, the above-captioned

                                    1

1 court issued its orders regarding the Motion to Dismiss the Second Amended Complaint of Plaintiffs AARON JAMES, by and through his successors-in-interest, Arthur James and Stacey M. Abbot; ARTHUR JAMES; and STACEY M. ABBOT (hereinafter collectively referred to as "the James Plaintiffs") filed by Defendant DESERT VALLEY HOSPITAL, LLC dba DESERT VALLEY HOSPITAL (hereinafter referred to as "Desert Valley Hospital"). Therein, the Court made the following orders:

    1. The Motion to Dismiss the James Plaintiffs' Fifth Cause of Action for Wrongful Death is granted, with prejudice;

    2. The Motion to Dismiss the James Plaintiffs' Sixth Cause of Action for Assault and Battery is granted, with prejudice; and

    3. The Motion to Dismiss the James Plaintiffs' Seventh Cause of Action for Negligence is granted, with prejudice.

Those orders are attached hereto as **Exhibit 1**.

Dated: September 2, 2025        **GIOVANNIELLO LAW GROUP**

By: _/s/ Joseph Lorant_
Alexander F. Giovanniello
Joseph M. Lorant
Attorneys for Defendant
DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

NOTICE OF ENTRY OF ORDERS REGARDING MOTION TO DISMISS THE JAMES PLAINTIFFS' SECOND AMENDED COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba DESERT VALLEY HOSPITAL

# Exhibit 1

**Received**
By Noah C. Stevens
3:59 pm, Aug 22 2025

Opp:
Reply:
Obj:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent;<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity; Sheriff SHANNON D. DICUS, in his individual, and official capacities; DESERT VALLEY HOSPITAL, LLC, a Delaware Limited Liability Company; DOES 1-20, inclusive.<br><br>Defendants. | Case No. 5:25-cv-00140-WLH-SHK<br><br><br><br>**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT [38, 39]** |

Before the Court are two motions to dismiss the Second Amended Complaint ("SAC") filed by Plaintiffs Arthur James and Stacey M. Abbott ("Plaintiffs"): (1) Defendant Desert Valley Hospital, LLC's Motion to Dismiss ("DVH Motion", Docket No. 39), and (2) Defendants County of San Bernardino and Sheriff Shannon D. Dicus's Motion to Dismiss ("County Motion", Docket No. 38) (together, "Motions"). The court heard oral argument on July 25, 2025. For the reasons set forth below, the Court **GRANTS IN PART** DVH's Motion and **GRANTS** the County's Motion.

## I. BACKGROUND

### A. <u>Factual Background</u>

This action arises out of the fatal shooting of 17-year-old Aaron James by San Bernardino County Sheriff's Department ("SBCSD") deputies on April 2, 2024. Plaintiffs, Aaron's parents and successors in interest, bring claims against Defendants County of San Bernardino ("County"), Sheriff Shannon D. Dicus ("Sheriff Dicus"), and Desert Valley Hospital LLC ("DVH").

According to the Second Amended Complaint ("SAC"), on March 30, 2024, SBCSD deputies responded to a disturbance at Aaron James's home and transported him to DVH in Victorville, where he was placed on a 72-hour mental-health hold pursuant to Welfare and Institutions Code § 5585.50. (SAC ¶ 29). Plaintiffs allege that from March 30 to April 2, 2024, Aaron James remained in DVH's custody and was under the hospital's supervision and care. (*Id.* ¶ 30).

On April 2, 2024, Aaron James was scheduled to be transferred from DVH to a long-term mental-health facility. During preparations for that transfer, he allegedly escaped from DVH's custody due to the hospital's failure to adequately supervise and secure him. (*Id.* ¶¶ 30–31). After escaping, he returned to his home on Forest Hills Drive in Victorville. (*Id.* ¶ 33).

SBCSD deputies responded to a call for service reporting James's presence at the residence. (*Id.* ¶ 33). Plaintiffs allege that the deputies were aware he was a minor who had recently been held on a mental-health hold and that he had not threatened or harmed anyone at the scene. (*Id.* ¶¶ 34–35). At some point, James locked himself alone in a small bathroom. (*Id.* ¶ 36). After approximately thirty minutes and an alleged statement indicating self-harm, deputies forcibly entered the bathroom using a protective shield and with weapons drawn. (*Id.* ¶ 37). Plaintiffs allege that James stood in a corner of the bathroom and did not pose an imminent threat when deputies tackled him into the bathtub and shot him in the side or back within seconds. (*Id.* ¶ 38). No commands were issued before force was used, and deputies allegedly failed to de-

2

1  escalate or consider less-lethal alternatives. (*Id.* ¶ 39). James was transported to a
2  nearby hospital, where he was pronounced dead. (*Id.* ¶ 38).
3        Plaintiffs allege that DVH's failure to adequately supervise James and prevent
4  his escape proximately caused the confrontation with deputies that led to his death. (*Id.*
5  ¶ 24). They further allege that the deputies' use of force was excessive and
6  unreasonable given James's known mental-health crisis and minor status, and that the
7  County and Sheriff Dicus maintained customs and policies that contributed to the
8  unconstitutional conduct. (*Id.* ¶ 62).

### B. Procedural Background

      Plaintiffs filed the original Complaint on January 17, 2025. (Dkt. 1). Plaintiffs served Defendants on February 3, 2025. (Dkts. 12–13). After obtaining a stipulated extension, Defendants filed a stipulation allowing Plaintiffs to amend. (Dkt. 17). The Court granted the stipulation on March 10, 2025, allowing Plaintiffs to file a First Amended Complaint within 14 days. (Dkt. 18). Plaintiffs filed the FAC on March 20, 2025, naming DVH as an additional defendant. (Dkt. 19). Summons was issued on March 26, 2025, and service on DVH was completed on April 9, 2025. (Dkts. 21–22). Following full briefing, the Court ruled on the County and Sheriff Dicus's motion to dismiss the FAC on May 9, 2025. (Dkt. 33). The Court granted the motion in part and denied it in part. Plaintiffs then filed the operative Second Amended Complaint on May 29, 2025. (Dkt. 35).

      On June 12, 2025, DVH filed its Motion to Dismiss the SAC (DVH Mot., Dkt. 39), and the County and Sheriff Dicus filed a separate Motion to Dismiss the SAC (County Mot., Dkt. 38). Plaintiffs filed their Oppositions on July 3, 2025 (Dkts. 45–46), and Defendants filed their Replies on July 11, 2025. (Dkts. 47–48). The Motions are fully briefed and submitted for decision.

## II. LEGAL STANDARD

      Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be

3

dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court, however, is not required to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. A claim is considered to have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

**III. DISCUSSION**

In seeking dismissal of the SAC, DVH argues that (1) Plaintiffs fail to plead any plausible basis for liability, and (2) DVH cannot be the legal cause of Decedent's death due to the superseding acts of third parties. (*See generally* DVH Mot.).

Defendants County and Sheriff Dicus (together, the "County Defendants") move to dismiss on the grounds that (1) Plaintiffs' Monell claim against Sheriff Dicus is improperly pled against an individual, and (2) the County is immune from Plaintiffs' Bane Act claim under Government Code § 856.2. (*See generally* County Mot.). The Court addresses the issues raised in DVH's motion first, followed by the County Defendants' motion.

### A. Fifth, Sixth, and Seventh Causes of Action: Plausible Liability Against Desert Valley Hospital

Plaintiffs assert three claims against Desert Valley Hospital, LLC ("DVH"): wrongful death (Fifth Cause of Action), assault and battery (Sixth Cause of Action) and negligence (Seventh Cause of Action). DVH moves to dismiss both claims under Rule 12(b)(6), arguing that the SAC fails to allege any nonconclusory facts linking DVH's conduct to the alleged harm. The Court addresses the assault and battery claim below, and analyzes the wrongful death and negligence claims in Section B, which discusses legal causation.

#### 1. *Sixth Cause of Action: Assault and Battery*

To state a claim for assault and battery under California law, a plaintiff must allege that the defendant intentionally touched the plaintiff with intent to harm or offend, that the touching was without consent, and that the plaintiff suffered harm. *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1051 (N.D. Cal. 2006). A complaint that does not allege any physical contact, or facts from which such contact can be reasonably inferred, fails to state a plausible claim for battery.

Here, Plaintiffs do not allege that DVH or its staff physically touched Aaron James, made offensive contact, or participated in any use of force. The SAC describes the use of force as occurring after Aaron escaped DVH custody and returned home, where sheriff's deputies forcibly entered a bathroom, tackled him into a bathtub, and shot him. (SAC ¶¶ 36–37, 94, 102). Nothing in the SAC alleges DVH's participation in or proximity to these events. The factual narrative underlying Plaintiffs' claims against DVH is confined to alleged custodial failures, specifically, DVH's failure to adequately supervise Aaron and prevent his escape while he was held on a 5585 hold. (SAC ¶¶ 30–33, 108(e), (h), (j), 109).

In opposition, Plaintiffs argue that being in DVH's custody while receiving medical care gives rise to a reasonable inference that DVH made physical contact with Aaron, and that "the provision of medical care provides ample ground for assault and

5

battery." (Opp'n at 12). The Court disagrees. While some forms of unauthorized medical contact may support a battery claim in limited circumstances (e.g., medical battery claims involving lack of consent), Plaintiffs do not allege any such theory here. The SAC does not allege that DVH administered any medical procedure, treatment, or physical intervention that was harmful, offensive, or nonconsensual. Nor does it allege that DVH's staff made contact with Aaron during or after his escape. The SAC's only references to treatment are generalized, and the alleged misconduct centers solely on failures to supervise or secure Aaron. (SAC ¶¶ 30–31, 108–109).

Plaintiffs also argue that discovery is needed to uncover the nature of any contact DVH may have had with Aaron. (Opp'n at 12). But this assertion highlights the absence of well-pleaded factual allegations. Plaintiffs' speculation that contact may have occurred while Aaron was under care is not enough to state a claim for assault and battery.

Because the SAC includes no allegations of physical contact by DVH and no facts supporting an inference of such contact in a harmful or offensive manner, the claim fails as a matter of law. DVH's motion to dismiss the Sixth Cause of Action for assault and battery is **GRANTED** with prejudice.

### B. Legal (Proximate) Causation Due to Superseding Intervening Act (Fifth and Seventh Causes of Action)

DVH argues that even if the SAC sufficiently alleges custodial negligence, Plaintiffs' claims for wrongful death and negligence must be dismissed because the harm resulted from an unforeseeable intervening act, namely, the deputies' use of deadly force. (DVH Mot. at 10–16).

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263, 45 Cal. Rptr. 3d 222, 226 (2006). Plaintiffs must plead the traditional elements of negligence: duty, breach, causation, and damages. *Colburn v. United States*, 45 F. Supp.

2d 787, 790 (S.D. Cal. 1998). A claim survives under Rule 12(b)(6) where the factual content of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Negligence involves the violation of a legal duty imposed by statute, contract or otherwise, by the defendant to the person injured, e.g., the deceased in a wrongful death action." *Jacoves v. United Merch. Corp.*, 9 Cal. App. 4th 88, 105, 11 Cal. Rptr. 2d 468, 478 (1992).

Under California law, a defendant's negligence is a proximate cause of injury if it was a "substantial factor" in bringing about the harm. *State Dept. of State Hospitals v. Superior Court,* 61 Cal. 4th 339, 188 Cal. Rptr. 3d 309, 349 P.3d 1013 (2015). Even where multiple actors contribute to an injury, proximate cause exists where the defendant's conduct had a substantial causal connection to the result. *David v. Hernandez*, 226 Cal. App. 4th 578, 172 Cal. Rptr. 3d 204 (2d Dist. 2014). A defendant is not relieved of liability merely because a third party also acted, unless that act qualifies as a superseding cause that breaks the chain of causation. "[A] third party's conduct is a superseding force cutting off the defendant's liability only if it was unforeseeable and the injury it caused was unforeseeable under the circumstances of the case." *Huang v. The Bicycle Casino, Inc.*, 4 Cal. App. 5th 329, 348, 208 Cal. Rptr. 3d 591, 606 (2016). However, even the intentional or criminal conduct of a third party will not break the chain of causation if that conduct was reasonably foreseeable. *Id.* at 348 ("…. a third party's conduct is a superseding force cutting off the defendant's liability only if it was unforeseeable and the injury it caused was unforeseeable under the circumstances of the case"). The analysis of foreseeability requires the court to "evaluate…whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced." *T.L. v. City Ambulance of Eureka*, Inc., 83 Cal. App. 5th 864, 887, 299 Cal. Rptr. 3d 797, 815 (2022). "One may be held accountable for creating even 'the risk of a slight possibility of injury if a reasonably prudent [person] would not do so.'" *Laabs v. S. California Edison Co.*, 175 Cal. App. 4th 1260, 1272,

1  97 Cal. Rptr. 3d 241, 250 (2009). "Proximate cause…is generally a question of fact for
2  the jury." *Hoyem v. Manhattan Beach City Sch. Dist.*, 22 Cal. 3d 508, 520, 585 P.2d
3  851, 858 (1978).

4  Here, DVH contends that the deputies' use of deadly force was too remote and extraordinary to plausibly establish proximate cause. The SAC does not allege that DVH directed, participated in, or had any control over the law enforcement response that ultimately resulted in Decedent's death. Nor did the shooting occur at DVH or during Decedent's time in DVH's custody. Rather, it took place at Decedent's family home the day after he escaped, following a separate and independent interaction with sheriff's deputies responding to a 911 call. (SAC ¶¶ 30–36).

These intervening events—including the change in location and actors—sever the causal chain. While Plaintiffs allege that DVH failed to prevent Aaron's escape (SAC ¶¶ 108(e)–(j), 109), they do not plausibly allege that DVH's conduct was a substantial factor in bringing about the specific harm at issue. Under California law, a third party's conduct may constitute a superseding cause when it is unforeseeable and the resulting injury was not a reasonably foreseeable consequence of the defendant's acts. *Huang*, 4 Cal. App. 5th at 348. That standard is met here. The deputies acted independently in response to a new incident, making their conduct an unforeseeable superseding cause.

This case is materially distinguishable from *T.L.*, 83 Cal. App. 5th at 864, where the injury occurred during transport under the defendant's direct control. Here, by contrast, DVH was not involved in the deputies' actions and no ability to influence their response. Plaintiffs' attempt to hold DVH liable for the shooting through general allegations of County policy or statistical trends is too attenuated to support proximate cause.

In contrast, where courts have found liability, the injury occurred while the plaintiff was still in the defendant's care or during a transfer the defendant controlled. *See T.L.*, 83 Cal. App. 5th at 889 (injury occurred when minor walked out of unsecured

8

ambulance during transport); *Meier v. Ross Gen. Hosp.*, 69 Cal. 2d 420, 429–30 (1968) (liability possible where suicidal psychiatric patient jumped out of unsecured second-story hospital window while in care of hospital and physician); *Bellamy v. Appellate Dep't*, 50 Cal. App. 4th 797, 807 (1996) (liability where patient injured by unsecured x-ray table in hospital); *Weinstein v. St. Mary's Med. Ctr.*, 58 Cal. App. 4th 1223, 1230 (1997) (duty of care extended to direct patient handling during treatment). Plaintiffs cite no case in which a hospital was held liable for injuries caused entirely by law enforcement after the patient had left the hospital's custody and care.

This case is also distinguishable from *Jacove*, 9 Cal. App. 4th at 88, which involved a psychiatric hospital's alleged negligence in prematurely discharging a patient who later died by suicide. The plaintiffs alleged that the hospital ignored active suicidal ideation and improperly discharged the patient based on insurance concerns. The court found triable issues of fact as to whether the suicide was the proximate result of the hospital's negligent discharge. Because the alleged harm, suicide, was the very risk the hospital was supposed to guard against, subsequent failures by third parties to prevent it did not constitute superseding causes. *Id*. at 111–12. In contrast, the alleged harm here, an encounter with law enforcement culminating in deadly force, was not the type of risk DVH was charged with preventing. The deputies' conduct occurred at a different location and during an independent 911 response. These circumstances are too attenuated to support proximate cause.

Because the deputies' conduct constitutes a superseding intervening act that breaks the chain of causation, Plaintiffs fail to state a plausible claim against DVH for wrongful death or negligence. DVH's motion to dismiss the Fifth and Seventh Causes of Action is therefore **GRANTED with prejudice**.

### C. Fourth Cause of Action: Supervisory Liability Against Sheriff Dicus (Individual Capacity)

A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient

9

causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The requisite causal connection may be shown by "setting in motion a series of acts by others," *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991), or by "knowingly refus[ing] to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). A supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates"; for "his acquiescence in the constitutional deprivations of which the complaint is made"; or for "conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998)).

Here, Plaintiffs purport to bring the Fourth Cause of Action against Sheriff Dicus "in his individual capacity." (SAC at 14). But the SAC does not plausibly allege that Sheriff Dicus was personally involved in the constitutional deprivation or that his own conduct was a moving force behind it. Rather, Plaintiffs allege in conclusory terms that he "maintained, condoned and/or permitted" unconstitutional policies and "ratified the actions of his subordinates." (SAC ¶ 82). They assert that he failed to adequately train subordinates, particularly regarding use of force in mental health encounters, but provide no facts showing how this failure is connected to the conduct at issue in this case. (*Id*. ¶ 84).

Plaintiffs cite a public statement made by Sheriff Dicus after the shooting, acknowledging broader challenges with mental health responses, but do not allege that he had prior knowledge of or involvement in this specific shooting. (*Id*. ¶ 78(k)). Plaintiffs also list prior alleged incidents involving other individuals experiencing mental health crises (SAC ¶ 78(a)–(j)), but they do not plead facts showing that Sheriff Dicus had knowledge of those events or failed to act in response to them. Allegations of post-incident statements and generalized policy failures are not sufficient to show

10

that Sheriff Dicus knowingly refused to correct a pattern of conduct that he knew or should have known would lead to the use of excessive force against Aaron James. *Dubner*, 266 F.3d at 968.

Because Plaintiffs have already amended once and failed to cure the deficiencies identified in the Court's prior order, further amendment would be futile. The Motion to Dismiss the Fourth Cause of Action against Sheriff Dicus is **GRANTED** with prejudice.

### D. Eighth Cause of Action: § 856.2 Immunity

Plaintiffs' Eighth Cause of Action, brought under the Bane Act (Cal. Civ. Code § 52.1), asserts liability against the County for allegedly failing to prevent Decedent's death after he escaped from a 5585 hold. (SAC ¶¶ 113–117). County Defendants argue the claim is barred by Government Code § 856.2, which provides immunity to public entities for injuries to or caused by escaped persons confined for mental illness. (County Mot. at 7).

Under Government Code § 856.2(a), neither a public entity nor a public employee is liable for (1) an injury caused by an escaping or escaped person who has been confined for mental illness or addiction, or (2) an injury to, or the wrongful death of, an escaping or escaped person who has been confined for mental illness or addiction. The scope of this immunity extends not only to the final determination to confine or not to confine the person, but also to all determinations involved in the process of commitment. *Johnson v. County of Ventura*, 29 Cal. App. 4th 1400, 35 Cal. Rptr. 2d 150 (1994). Nothing in the statute exonerates a *public employee* from liability (1) if he or she acted or failed to act because of actual fraud, corruption, or actual malice; or (2) for injuries inflicted as a result of his or her own negligent or wrongful act or omission on an escaping or escaped mental patient in recapturing him or her. Gov. Code, § 856.2, subd. (b).

Here, Plaintiffs allege that Decedent Aaron James was placed on a 5585 mental health hold and remained in DVH's care, custody, and control from March 30 to April 2, 2024, when he escaped during preparations for transfer to another facility. (SAC ¶¶

11

23–24, 30–33). The Eighth Cause of Action asserts that County Defendants violated the Bane Act by failing to take steps to protect Aaron James while he was on a 5585 hold. (*Id.* ¶¶ 116-123). That allegation falls squarely within the scope of § 856.2(a)(2), which bars liability for injuries to "an escaping or escaped person who has been confined for mental illness or addiction."

Plaintiffs argue that the SAC alleges pre-escape negligence and therefore § 856.2 does not apply. (Opp'n at 11). But the SAC does not allege that the harm resulted from distinct pre-escape mistreatment. Rather, the injury at issue is the fatal shooting by deputies after Aaron's escape. The only identified pre-escape failures, the alleged failure to supervise Aaron and the decision to place him at DVH, are part and parcel of the custodial process and relate directly to his escape. (SAC ¶¶ 32, 108(g)). Such allegations are insufficient to overcome § 856.2 immunity, which applies even if confinement was negligently maintained. *See Spath v. County of Santa Clara*, 669 F. Supp. 3d 835, 847 (N.D. Cal. 2023) ("Assuming Defendants were negligent at some point during Noah's confinement, such liability would not negate Section 856.2 immunity."). To the extent Plaintiffs rely on § 856.2(b)(2), which withholds immunity from *employees* for negligence "in recapturing" an escaped person, that exception does not apply to *public entities* like the County.

Accordingly, because § 856.2 bars claims against public entities for injuries to persons who have escaped while confined for mental illness, the Eighth Cause of Action against the County is **DISMISSED** with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Motions filed by Defendants are **GRANTED** in full, as set forth below:

1. DVH's motion to dismiss the Sixth Cause of Action (assault and battery) is **GRANTED** with prejudice.

2. DVH's motion to dismiss the Fifth (wrongful death) and Seventh (negligence) Causes of Action based on proximate causation is **GRANTED** with prejudice.
3. The County's motion to dismiss the Fourth Cause of Action against Sheriff Dicus in his individual capacity is **GRANTED** with prejudice.
4. The County's motion to dismiss the Eighth Cause of Action under Government Code § 856.2 is **GRANTED** with prejudice as to the County only.

**IT IS SO ORDERED.**

Dated: August 22, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 5:25-cv-00140-WLH-SHK Arthur James et al v. County of San Bernardino et al Order on Motion for Order |
| **Date:** | Friday, August 22, 2025 3:43:33 PM |

**EXTERNAL EMAIL:** Do not click any links or open any attachments unless you trust the sender and know the content is safe.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 8/22/2025 at 3:41 PM PDT and filed on 8/22/2025

**Case Name:** Arthur James et al v. County of San Bernardino et al
**Case Number:** 5:25-cv-00140-WLH-SHK
**Filer:**
**Document Number:** 60

**Docket Text:**
**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT [38], [39] by Judge Wesley L. Hsu. For the foregoing reasons, the Motions filed by Defendants are GRANTED in full, as set forth below: 1. DVH's motion to dismiss the Sixth Cause of Action (assault and battery) is GRANTED with prejudice. 2. DVH's motion to dismiss the Fifth (wrongful death) and Seventh (negligence) Causes of Action based on proximate causation is GRANTED with prejudice. 3. The County's motion to dismiss the Fourth Cause of Action against Sheriff Dicus in his individual capacity is GRANTED with prejudice. 4. The County's motion to dismiss the Eighth Cause of Action under Government Code § 856.2 is GRANTED with prejudice as to the County only. (lom)**

**5:25-cv-00140-WLH-SHK Notice has been electronically mailed to:**

Neama Rahmani    efilings@westcoasttriallawyers.com

Joseph Marc Lorant    kks@giolawgroup.com, jml@giolawgroup.com,

# PROOF OF SERVICE

I am employed in the county of Orange, State of California. I am over the age of eighteen and not a party to the within entitled action; my business address is Six Pointe Drive, Suite 520 Brea, California 92821.

On **September 3, 2025,** I served the foregoing document(s) described as, NOTICE OF ENTRY OF ORDERS REGARDING MOTION TO DISMISS THE JAMES PLAINTIFFS' SECOND AMENDED COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba DESERT VALLEY HOSPITAL, as follows:

*See below service list*

( )   BY U.S. MAIL:  I am "readily familiar" with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice the envelope was sealed and placed for collection and mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Brea, California following ordinary business practices.

( )   BY FEDERAL EXPRESS OVERNIGHT: I placed said envelope(s) for collection and overnight delivery at a regularly utilized drop box of the overnight delivery carrier.

(**XX**) BY ELECTRONIC SERVICE:  I caused the document(s) to be sent from nbp@giolawgroup.com to the person(s) at the electronic notification addresses indicated on the service list.

Executed on **September 3, 2025** at Brea, California.

(**XX**) STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Nicole B. Penuliar*

Nicole B. Penuliar

---

James, et. al. v. County of San Bernardino, et. al.
Case No.: 5:25-cv-00140-WLH-SHK
Page **1** of **2**

SERVICE LIST

| | | |
|---|---|---|
| 2 | Kaveh Navab | *Counsel for Plaintiffs Arthur James, and* |
| 3 | NAVAB LAW, APC | *Stacey M. Abbot as parents of, and successors* |
| | 13160 Mindanao Way, Suite 280 | *in interest to, Aaron James, Decedent* |
| 4 | Marina del Rey, CA 90292 | |
| 5 | Tel: (310) 826-1002 | |
| | Fax: (310) 544-6880 | |
| 6 | Email: navablaw@gmail.com | |

Neama Rahmani   *Counsel to be noticed*
Houman Sayaghi
WEST COAST TRIAL
LAWYERS, APLC
350 South Grand Avenue, Suite 3350
Los Angeles, CA 90017
Tel: (213) 927-3700
Fax: (213) 927-3701
Email: filings@westcoasttriallawyers.com

Dale K. Galipo   *Counsel for Plaintiffs Colleen Manghane and*
Marcel F. Sincich   *Robert Manghane*
Alejandro Monguia, Legal Assistant
Stefany Anderson, Legal Assistant
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email: msincich@galipolaw.com
Email: dalekgalipo@yahoo.com
Email: amonguia@galipolaw.com
Email: sanderson@galipolaw.com

Edward Southcott, Jr.   *Counsel for Defendant, County of San*
Shannon Gustafson   *Bernardino and Shannon D Dicus, Sheriff*
LYNBERG AND WATKINS
1100 WestTown and Country Road, Suite 1450
Orange, CA 92868
Tel: (714) 937-1010
Fax: (714) 937-1003
Email: esouthcott@lynberg.com
Email: sgustafson@lynberg.com