SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent; COLLEEN MANGHANE and ROBERT MANGHANE<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity; Sheriff SHANNON D. DICUS, DESERT VALLEY HOSPITAL, LLC, a Delaware Limited Liability Company; DOES 1-20, inclusive.<br><br>Defendants. | MASTER CASE NO. 5:25-cv-00140 WLH(SHK)<br>*Consolidated with* 5:25-cv-00140-*WLH (SHK)*<br><br>*Assigned for All Purposes to Honorable Wesley L. Hsu*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF ARTHUR JAMES AND STACY ABBOTT'S SECOND AMENDED COMPLAINT; JURY DEMAND**<br><br>*Complaint Filed: 1/17/25*<br>*FAC Filed:       03/20/25*<br>*SAC Filed:       05/29/25*<br><br>*Trial Date: None Set* |

1
**DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF ARTHUR JAMES AND STACY ABBOTT'S SECOND AMENDED COMPLAINT; JURY DEMAND**

**COMES NOW**, Defendant COUNTY OF SAN BERNARDINO ("County"), (hereinafter "Defendant") in answering Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent, (hereinafter "Plaintiffs") Second Amended Complaint ("SAC") on file herein, for itself alone and for no other Defendant, admit, deny, and allege as follows:

1. In answering paragraphs 1, 2, 3, 4, 5, 6, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43, Defendant does not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendant denies each and every allegation contained therein.

2. In answering paragraphs 7 and 8, Defendant admits Plaintiffs have stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendant denies the remainder of these paragraphs.

3. In answering paragraph 12, Defendant admits that the County of San Bernardino is a governmental entity in the State of California and existing under the law of the law of the State of California. Defendant denies the remainder of these paragraphs.

4. Defendant County provides no response to paragraphs 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 as Plaintiffs' First Claim for Relief is not asserted against it.

5. Defendant County provides no response to paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, and 66 as Plaintiffs' Second Claim for Relief is not asserted against it.

6. Defendant County provides no response to paragraphs 67, 68, 69, 70,

71, 72, 73, 74, and 75 Plaintiffs' Third Claim for Relief is not asserted against it.

7. Defendant County provides no response to paragraphs 93, 94, 95, 96, 97, 98 and 99 as Plaintiffs' Fifth Claim for Relief is not asserted against it.

8. Defendant County provides no response to paragraphs 100, 101, 102, 103, 104, 105, and 106 as Plaintiffs' Sixth Claim for Relief is not asserted against it.

9. Defendant County provides no response to paragraphs 107, 108, 109, 110, 111, 112, 113, 114, and 115 as Plaintiffs' Seventh Claim for Relief is not asserted against it.

10. In answering paragraphs 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 117, 118, 119, 120, 121, 122, and 123, Defendant denies generally and specifically each and every allegation contained therein.

11. In answering paragraphs 76 and 116, Defendant reiterates and incorporates by reference its answers to those paragraphs previously contained in this answer.

12. As to Plaintiff's "Prayer for Relief," Defendant denies Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

13. Plaintiffs' SAC, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiffs' SAC also fails to state a claim against any defendant in this action.

## SECOND AFFIRMATIVE DEFENSE

14. At all times relevant to this litigation, Defendants acted in good faith, without malice, and within the scope of their duties as peace officers of the State of

California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

### THIRD AFFIRMATIVE DEFENSE

15. By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any there were, but Plaintiffs failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiffs are barred from seeking recovery of those damages.

### FOURTH AFFIRMATIVE DEFENSE

16. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

### FIFTH AFFIRMATIVE DEFENSE

17. Defendant alleges that Plaintiffs' claims fail to allege a constitutional or statutory violation.

### SIXTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

### SEVENTH AFFIRMATIVE DEFENSE

19. The force used on Plaintiff's and/or Decedent's, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

### EIGHTH AFFIRMATIVE DEFENSE

20. The force used on Plaintiff and/or Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome

1  resistance, and/or in self-defense or the defense of others. Peace officers need not
2  retreat nor desist their law enforcement efforts by reason of Plaintiff's and/or
3  Decedent's resistance or threatened resistance. Furthermore, peace officers are not
4  to be deemed the aggressor nor do they lose their right to self-defense by the use of
5  reasonable force to effect Plaintiff's detention and/or arrest, or to prevent Plaintiff's
6  and/or Decedent's escape or to overcome his resistance.

## NINTH AFFIRMATIVE DEFENSE

21.   Defendant alleges that Plaintiffs received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

22.   Defendant may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

## ELEVENTH AFFIRMATIVE DEFENSE

23.   This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338, 340, 340.5, 342, 352.1(b) and/or California Government Code §§ 911.2, 945.4, 945.6 and/or 950.2.

## TWELFTH AFFIRMATIVE DEFENSE

24.   Because Plaintiffs' SAC is couched in conclusory terms, the Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendant expressly reserves the right to assert

additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of the Second Amended Complaint and that Defendant herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

DATED: September 5, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO

**DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: September 5, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO

7

DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF ARTHUR JAMES AND STACY ABBOTT'S SECOND AMENDED COMPLAINT; JURY DEMAND