**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
P: (818) 347-3333 | F: (818) 347-4118

*Attorneys for Plaintiffs*,
COLLEEN MANGHANE and ROBERT MANGHANE

Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Edward J. Southcott (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Ste 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

*Attorneys for Defendant*
COUNTY OF SAN BERNARDINO

Kaveh Navab, Esq. (SBN: 280235)
navablaw@gmail.com
**NAVAB LAW, APC**
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone: 310-826-1002

**WEST COAST TRIAL LAWYERS, APLC**
Neama Rahmani, Esq. (SBN 223819)
Andrew A. Talebi, Esq. (SBN 302123)
Houman Sayaghi, Esq. (SBN 313695)
1147 South Hope Street
Los Angeles, California 90015
Tel: (213) 927-3700

*Attorneys for Plaintiffs*,
ARTHUR JAMES and STACEY M. ABBOTT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES; STACEY ABBOTT; COLLEEN MANGHANE; and ROBERT MANGHANE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>Defendants. | Master Case:<br>**Case No. 5:25-cv-00140-WLH (SHKx)**<br><br>*Consolidated with*:<br>Case No. 5:25-cv-01107-JGB (DTBx)<br><br>[*Honorable Wesley L. Hsu*]<br>Magistrate Judge Shashi H. Kewalramani<br><br>**JOINT RULE 26(f) REPORT**<br><br>*Case No. 5:25-cv-00140-WLH (SHKx)*<br>*Complaint Filed:   01/17/25*<br>*FAC Filed:        03/20/25*<br>*MTD FAC Filed:    04/10/25* |

|   |   |
|---|---|
| 1 | *SAC Filed:         05/29/25* |
| 2 | *MTD SAC Filed:    06/12/25*<br>*Answer SAC Filed: 09/05/25* |
| 3 | *Case No. 5:25-cv-01107-JGB (DTBx)* |
| 4 | *Complaint Filed:  05/07/25*<br>*FAC Filed:         08/29/25* |
| 5 | *Proposed Trial Date:* |
| 6 | **Scheduling Conference:** |
| 7 | Date: October 10, 2025<br>Time: 01:00 PM |
| 8 | Location: Courtroom 9B<br>350 West 1st Street |
| 9 | Los Angeles, CA 90012 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and this Court's Order Setting Scheduling Conference (Doc. 65), the early meeting of counsel has been conducted between counsel for Plaintiffs ARTHUR JAMES, STACEY ABBOTT (the "Biological Parent Plaintiffs"), and COLLEEN MANGHANE, and ROBERT MANGHANE (the "Foster Parent Plaintiff"), and counsel for Defendant COUNTY OF SAN BERNARDINO. The Parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The Parties, through their counsel, respectfully submit the following Joint Rule 26(f) Report.

**1.   Joint Statement of the Case:**

   A.   <u>Short Synopsis of Plaintiffs' Claims for Relief:</u>

Plaintiffs are the biological and foster parents of Decedent, AARON JAMES ("Decedent"). On or about March 30, 2024, the County's officers were called to Decedent's home and ultimately escorted him to a hospital where Decedent was placed on a 5585 hold. On April 2, 2024, Decedent was able to escape from the custody of the hospital.

Shortly thereafter, the County's officers responded to a call for service at the 17100 block of Forest Hills Drive in Victorville, California, where Decedent's biological sisters resided and were informed Decedent was at the residence. Officers responded to the location and learned that Decedent was locked in the bathroom. After approximately thirty minutes, Decedent may have threatened to harm himself.

In response, officers kicked down the door with weapons drawn, and tackled Decedent into the bathtub of the bathroom. After officers tackled him, the officers escalated and used deadly force, shooting Decedent in his torso and/or back, when

Decedent posed no threat of imminent harm or serious injury. Decedent was transported to a nearby hospital where he was pronounced dead. Plaintiffs seek damages for wrongful death and bring survival actions for violations of Decedent's civil rights pursuant to 42 U.S.C. section 1983 and *Civil Code* section 52.1.

B. <u>Short Synopsis of Defendants' Affirmative Defenses</u>:

Defendants deny all claims that Plaintiffs were injured or damaged by reason of any wrongful act or omission of Defendants. The force used on Plaintiffs and/or Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force. The force used on Plaintiffs and/or Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others.

Further, Defendants deny that it maintains any unconstitutional polices, practices or customs, or has failed to adequately train its employees. Defendant County of San Bernardino may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate.

Because Plaintiffs' operative complaints are couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendants expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

**2.    Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because those claims are

so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**3.    Legal Issues:**

1. Whether the County Deputies used excessive and/or unreasonable force against the Decedent.
2. Whether the County failed to adequately train its Deputies.
3. Whether the County ratified any unlawful conduct of its Deputies.
4. Whether any policy or custom of the County was the moving force resulting in a violation of the Plaintiffs' and Decedent's rights.
5. Whether Deputies were negligent toward the Decedent.
6. Whether the Decedent's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by the County Deputies.
7. The nature and extent of Plaintiffs' damages.
8. Whether Plaintiffs are entitled to punitive damages.

**4.    Parties, Evidence, etc.:**

*Parties*: The parties are Plaintiffs ARTHUR JAMES, STACEY ABBOTT, COLLEEN MANGHANE, and ROBERT MANGHANE; and Defendants COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive.

*Witnesses*: The percipient witnesses include County Deputies, and other witnesses include investigators, and medical personnel. Additional non-percipient witnesses may include expert witnesses and witnesses to Plaintiffs' damages. Given that discovery has not yet been completed, the Parties have not yet identified all witnesses.

*Key Documents*: The key documents include Defendant County records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include County training policies and records; relevant portions of diagrams,

evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved Deputies, evidence collected, relevant portions of medical records and injuries suffered by Decedent alleged to be caused by County and County Deputies; Defendant County's policies, procedures, and training documents; depositions of the parties and witnesses; and responses to written discovery.

5. **Damages:**

Plaintiffs claim general and special compensatory damages, according to proof at trial. Plaintiffs seek punitive and exemplary damages against the individual Defendant Deputies only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. §1988, costs and interests incurred.

Plaintiffs believe a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the Plaintiffs' great loss and Decedent great pre-death pain and suffering and loss of life, a jury could award in excess of $10,000,000 in this matter.

Defendant denies Plaintiffs were injured or damaged in any amount or sum or at all by reason of any wrongful act or omission of Defendants and further deny that Plaintiff are entitled to any recovery. Defendants further deny the reasonableness of Plaintiffs' damages calculations.

6. **Insurance:**

Defendant County is insured pursuant to Government Code § 990 et. seq.

7. **Motions:**

a)     Procedural Motions.

After review of the discovery material, Plaintiffs will be able to determine whether it is necessary to name any Doe Defendants and whether there were any other violations of Plaintiffs' and/or Decedent's rights by Defendants. Depending on that review, Plaintiffs anticipate amending the pleadings to name of DOE

defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other Deputies, official, and/or individual were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiffs' and/or Decedent's constitutional and state law rights.

There will need to be an adjudication of the question of standing as between the Biological Parent Plaintiffs and Foster Parent Plaintiffs. Aside from the above, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

The parties intend to file motions *in limine* including *Daubert* motions, and other pretrial motions as may be necessary.

b) Dispositive Motions.

The parties have discussed potential motions and proposed the motion dates set forth in the attached schedule.

Defendant may seek to file a Motion to Dismiss, if and when new claims or parties are added. Defendant further anticipates filing a Motion for Summary Judgment/Adjudication at the close of discovery, if appropriate.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers, and a reply shall be due two weeks thereafter, which is reflected in the proposed dates within.

c) Class Certification Motion. Not applicable.

**8. Manual for Complex Litigation:**

The Parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

**9. Discovery:**

a) Status of Discovery.

Pursuant to Rule 26(f), the parties have conducted conference of counsel, discussed timing of initial disclosures and a mutually agreed upon discovery plan. No discovery has taken place at this time. Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties will exchange initial disclosures on October 3, 2025.

      b)    Discovery Plan.

FRCP 26(f)(3)(A): The parties do not anticipate deviating from the requirements FRCP 26(a) and initial disclosures shall be filed forthwith.

FRCP 26(f)(3)(B):

Plaintiffs anticipate serving discovery regarding the County records regarding the incident and taking the depositions of Deputies who were present during the incident. Plaintiffs may also seek to depose experts and the persons most knowledgeable of County training, policies and procedures and the investigation into this incident. Further, Plaintiffs plan to retain several experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendants will take the depositions of Plaintiffs and any other key witnesses identified by Plaintiffs during discovery, including any experts designated by Plaintiffs. Defendants reserve the right to object to any request by Plaintiffs to increase the allotted number of depositions.

Defendants also expect to propound written interrogatories, requests for admissions, and requests for production of documents regarding the claims and defenses in this matter.

FRCP 26(f)(3)(C): The parties do not see any issues with electronically stored information pursuant to Rule 26(0(3)(c) in this case.

FRCP 26(f)(3)(D): The parties will file a Stipulated Protective Order with the newly assigned Magistrate Judge (counsel understands that Magistrate Judge Shashi H. Kewalramani has recently retired).

FRCP 26(f)(3)(E): The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

c) Discovery Cutoff.

The parties propose a fact discovery cut-off, including the resolution of all discovery motions, of May 8, 2026, which is also as set forth below.

d) Expert Discovery.

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on May 22, 2026; Rebuttal Expert Disclosure on June 5, 2026; and Expert Discovery Cut-off of June 5, 2026.

**10.   Settlement Conference/Alternative Dispute Resolution (ADR):**

The parties have not engaged in settlement discussions.

Plaintiffs are willing to engage in early mediation.

The parties are agreeable to participating in ADR Procedure No. 2 (panel mediation) with Richard Copeland.

**11.   Trial:**

a) Trial Estimate.

The parties believe that this case can be tried in six to ten days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiffs contemplate calling approximately twelve (10) to twelve (12) witnesses for liability and damages.

Defense anticipates that many defense witnesses may be called during Plaintiff's case-in-chief and further anticipates calling approximately five (5)

additional witnesses, including expert and rebuttal witnesses.

      b)     Jury or Court Trial. This will be a trial by jury.

      c)     Consent to Trial Before a Magistrate Judge.

Counsel for the parties have discussed the magistrate judge consent program with their respective clients. Counsel for the parties have met and conferred to discuss the consent program and selection of a magistrate judge. The parties do not consent to having a magistrate judge preside over the matter for all purposes pursuant to 28 U.S.C. § 636.

      d)     Lead Trial Counsel.

Kaveh Navab, Esq. (Lead) of Navab Law, APC and Andrew A. Talebi, Esq. and Houman Sayaghi, Esq. of West Coast Trial Lawyers, APLC will try this case for Plaintiffs, ARTHUR JAMES and STACEY M. ABBOTT.

Dale K. Galipo (Lead) and Marcel F. Sincich, of the Law Offices of Dale K. Galipo, will try this case for Plaintiffs COLLEEN MANGHANE, and ROBERT MANGHANE.

Shannon L. Gustafson (Lead) and Edward J. Southcott, of Lynberg and Watkins, will try the case for Defendants.

**12.** **Independent Expert:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**13.** **Other Issues:**

The parties do not foresee any other issues at this time.

/ / /

/ / /

Respectfully submitted,

DATED: September 26, 2025      **LAW OFFICE OF DALE K. GALIPO**

By: /s/  *Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs* COLLEEN MANGHANE, and ROBERT MANGHANE

DATED: September 26, 2025      **NAVAB LAW, APC**

By: /s/  *Kaveh Navab*
Kaveh Navab
*Attorneys for Plaintiffs* ARTHUR JAMES and STACEY M. ABBOTT

DATED: September 26, 2025      **LYNBERG & WATKINS**

By: /s/  *Edward J. Southcott*
Shannon L. Gustafson
Edward J. Southcott
*Attorneys for Defendant* COUNTY OF SAN BERNARDINO

# JUDGE WESLEY L. HSU
# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

**Case No.** 5:25-cv-00140-WLH (SHKx)    **Case Name**: *James et al v. County of San Bernardino et al*

| Trial and Final Pretrial Conference Dates | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|
| Check one:  Jury Trial or  Court Trial  Magistrate Judge (***Monday*** at 9:00 a.m. within 12 months of Scheduling Conference) Estimated Duration:  Days | 10/05/2026 | |
| Final Pretrial Conference ("FPTC" [L.R. 16] (***Friday*** at 3:00 p.m. at least 18 days before trial) | 09/11/2026 | |

| Event[1] **Note**: Hearings shall be on ***Fridays*** at 1:30 pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Friday] | | 12/01/2025 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 05/08/2026 | |
| Expert Disclosure (Initial) | 16 | 05/22/2026 | |
| Expert Disclosure (Rebuttal) | 14 | 06/05/2026 | |
| Expert Discovery Cut-Off | 14 | 06/05/2026 | |
| Last Date to Hear Motions • Rule 56 Motion due at least 6 weeks before hearing • Opposition due 2 weeks after Motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 06/19/2026 | |
| Last Day to Hear *Daubert* Motions | 8 | 07/17/2026 | |
| Deadline to Complete Settlement Conference [L.R. 1615] Select one:  ☐ 1. Magistrate Judge (*with Court approval*) ☒ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | 08/07/2026 | ☐ 1. Mag J ☒ 2. Panel ☐ 3. Private |
| **Trial Filings** (first round) • Motions *In Limine* (except Daubert) • Memoranda of Contentions of Fact and Law [L.R. 164] • Witness Lists [L.R. 165] • Joint Exhibit List [L.R. 166.1] • Joint Status Report Regarding Settlement | 4 | 08/14/2026 | |
| **Trial Filings** (second round) • Oppositions to Motions *in Limine* • Joint Proposed Final Pretrial Conference Order [L.R. 167] • Joint/Agreed Proposed Jury Instructions • Disputed Proposed Jury Instructions • Joint Proposed Verdict Forms • Joint Proposed Statement of the Case • Proposed Additional Voir Dire Questions, if any | 2 | 08/28/2026 | |

---

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.