1  SHANNON L. GUSTAFSON (SBN 228856)
   sgustafson@lynberg.com
2  EDWARD J. SOUTHCOTT (SBN 305701)
   esouthcott@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 W. Town & Country Road, Suite 1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
   Attorneys for Defendants COUNTY OF SAN BERNARDINO
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10  ARTHUR JAMES, STACEY              MASTER CASE NO. 5:25-cv-00140
    ABBOTT; COLLEEN MANGHANE;         WLH(SHK)
11  and ROBERT MANGHANE
                                      *Consolidated with 5:25-cv-01107-JGB*
12          Plaintiffs,               *(DTB)*

13      vs.                           *Assigned for All Purposes to*
                                      *Honorable Wesley L. Hsu*
14  COUNTY OF SAN BERNARDINO,
    BRANDON VENTRE; BLAINE            **DEFENDANT COUNTY OF SAN**
15  FLEMING; MICHAEL MCMAHON;         **BERNARDINO'S NOTICE OF**
    FERNANDO GONZALEZ;                **MOTION AND MOTION TO**
16  CHRISTOPHER CHERMS; JUSTIN        **DISMISS PLAINTIFFS'**
    SNYDER; and DOES 1-15, inclusive, **CONSOLIDATED COMPLAINT;**
17                                    **POINTS AND AUTHORITIES**

18          Defendants.              *[Proposed] Order Concurrently Lodged*

19
                                      Date: December 5, 2025
20                                    Time: 1:30 p.m.
                                      Crtrm.: 9B
21
                                      *Case No. 5:25-cv-00140-WLH (SHK)*
22                                    *Complaint Filed:    01/17/25*
                                      *FAC Filed:          03/20/25*
23                                    *SAC Filed:          05/29/25*

24                                    *Case No. 5:25-cv-01107-JGB (DTB)*
                                      *Complaint Filed:    05/07/25*
25                                    *FAC Filed:          08/29/25*

26                                    *Trial Date: None Set*
27

28                                    **1**
    **DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION**
    **AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED**
    **COMPLAINT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OR RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2025 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, Defendants COUNTY OF SAN BERNARDINO[1] ("Defendant") will, and hereby do, move this Court for an order dismissing ARTHUR JAMES, STACEY M. ABBOTT, COLLEEN MANGHANE, and ROBERT MANGHANE's ("Plaintiffs") Consolidated Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants bring this Motion on each of the following grounds:

1.      Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE, as successors-in-interest, lack standing to assert their Third, Fourth, and Fifth Claims for Municipal Liability (42 U.S.C. § 1983) against the County because biological parents', Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT, parental rights were not severed. *See* Fed. R. Civ. P. 12(b)(6).

2.      Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE, as successors-in-interest, lack standing to assert their Eighth Claim for Violation of Bane Act (Cal. Civ. § 52.1) against County vicariously because biological parents', Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT, parental rights were not severed. *See* Fed. R. Civ. P. 12(b)(6).

3.      Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE, as successors-in-interest, lack standing to assert their Seventh Claim for Negligence because biological parents', Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT, parental rights were not severed. *See* Fed. R. Civ. P. 12(b)(6).

4.      Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE lack

---

[1] As of the filing of this Motion, the individual Deputy Defendants have not yet been served.

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

1  standing to assert their Second Claim for Denial of Familial Relationship. *See* Fed. R.

2  Civ. P. 12(b)(6).

3      5.      Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE

4  should be dismissed from wrongful death claim in Sixth Claim for Battery and

5  Seventh Claim for Negligence as they do not have standing. *See* Fed. R. Civ. P.

6  12(b)(6).

7      6.      Defendant County of San Bernardino should be dismissed from Sixth,

8  Seventh, and Eighth Claims based on immunity of Governmental Code § 856.2 as

9  these claims were previously dismissed without leave to amend and yet were

10  inexplicably reinserted into the Consolidated Complaint despite clear instruction from

11  this Court to file a Complaint consistent with its prior orders. *see* Cal. Gov. Code §

12  856.2, Fed. R. Civ. P. 12(b)(6), Dkt. #66- ("the operative complaint must be

13  consolidated across Plaintiffs and ***in accordance with this Court's rulings on***

14  ***dismissal"***).

15      Defendants' Motion is based on this Notice, the Memorandum of Points and

16  Authorities, Plaintiffs' Consolidated Complaint, and upon such other and further

17  matters as may properly come before the Court.

18      Pursuant to Local Rule 7-3, Defendants served a meet and confer letter on

19  October 20, 2025. A video conference was subsequently conducted on October 23,

20  2025 wherein the substance of this Motion was discussed and the parties were unable

21  to resolve their differences necessitating this Motion.

22
23  DATED: October 30, 2025              **LYNBERG & WATKINS**
                                        A Professional Corporation

24

25                                      By: /s/ Shannon L. Gustafson

26                                      **SHANNON L. GUSTAFSON**
                                        **EDWARD J. SOUTHCOTT, JR.**
                                        Attorneys for Defendants
27                                      COUNTY OF SAN BERNARDINO

28
                            **3**

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ..........................................................................8

II. MANGHANE PLAINTIFFS DO NOT HAVE STANDING TO BRING CLAIMS ON BEHALF OF ESTATE OF AARON JAMES BECAUSE BIOLOGICAL PARENTS' RIGHTS WERE NOT SEVERED ...........................................................................................9

    A.  Manghane Plaintiffs' Have Not Submitted the Required Declaration to Establish Standing as Successors In Interest .................9

    B.  Manghane Plaintiffs' Third, Fourth, and Fifth Claims for Municipal Liability (42 U.S.C. § 1983) against the County.................10

    C.  Plaintiffs' Eighth Claim for Violation of Bane Act (Cal. Civ. § 52.1) against County vicariously ...........................................12

    D.  Plaintiffs' Seventh Claim for Negligence (Survival and Wrongful Death)..................................................................................14

III. MANGHANE PLAINTIFFS DO NOT HAVE STANDING TO BRING THEIR SECOND CLAIM FOR DENIAL OF FAMILIAL RELATIONSHIP ...................................................................................14

IV. MANGHANE PLAINTIFFS MUST BE DISMISSED FROM WRONGFUL DEATH CLAIM........................................................15

V.  DEFENDANT COUNTY OF SAN BERNARDINO MUST BE DISMISSED FROM PLAINTIFFS' SIXTH, SEVENTH, AND EIGHTH CLAIMS BASED ON IMMUNITY OF GOVERNMENTAL CODE § 856.2 ...........................................................................................17

VI. CONCLUSION ........................................................................................18

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

# TABLE OF AUTHORITIES

Page(s)

Cases

*Brookhouser v. State of California*,
  10 Cal. App. 4th 1665, 13 Cal. Rptr. 2d 658 (1992) ...........................................17

*Brown v. San Joaquin Cnty.*,
  601 F. Supp. 653 (E.D. Cal. 1985) ...................................................................15

*Dela Torre v. City of Salinas*,
  No. C-09-00626 RMW, 2010 WL 3743762 (N.D. Cal. Sept. 17, 2010) ..............13

*Dillard v. Curtis*
  2004 U.S. Dist. LEXIS 22926, at *21 (N.D.Cal. 2004)……………………………….10

*Est. of Elkins v. Pelayo*,
  No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387 (E.D. Cal. May 21, 2020).....11

*Ferry v. De Longhi Am. Inc.*,
  276 F. Supp. 3d 940 (N.D. Cal. 2017)................................................................15

*Galindo v. City of San Francisco*,
  718 F. Supp. 3d 1121 (N.D. Cal. 2024)..............................................................11

*Isayeva v. Cty. of Sacramento*,
  2014 U.S. Dist. LEXIS 62063 (E.D.Cal. 2014) ...................................................10

*Medrano v. Kern Cnty. Sheriff's Officer*,
  921 F. Supp. 2d 1009 (E.D. Cal. 2013) ..............................................................13

*Moreland v. Las Vegas Metro. Police Dep't*,
  159 F.3d 365 (9th Cir.1998) ..............................................................................10

*Murphy v. Hayes*,
  681 F. Supp. 3d 1043 (D. Ariz. 2023) ................................................................14

*Nacarino v. Chobani LLC*,
  668 F. Supp. 3d 881 (N.D. Cal. 2022)..................................................................9

*Olvera v. Cnty. of Sacramento*,
  932 F. Supp. 2d 1123 (E.D. Cal. 2013) ..............................................................15

5

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Orduno v. Hendrix*,
   No. EDCV162288DOCJDEX, 2017 WL 11705427 (C.D. Cal. Nov. 27, 2017)..10

*Piper v. Cabillo*,
   670 F. App'x 507 (9th Cir. 2016) .................................................... 10, 14

*Soto v. BorgWarner Morse TEC Inc.*,
   239 Cal. App. 4th 165, 191 Cal.Rptr.3d 263 (2015) ............................. 16

*Stepanyan v. United States*,
   No. 2:20-CV-01774-CAS-BFMX, 2024 WL 3879138 (C.D. Cal. Aug. 19, 2024)
   ................................................................................................ 12

*Welch v. Yoell*,
   73 F. App'x 215 (9th Cir. 2003) ........................................................ 16

*Wheeler v. City of Santa Clara*,
   894 F.3d 1046 (9th Cir. 2018) ........................................................... 12

Statutes

42 U.S.C. § 1983............................................................................ 2, 10, 12

Cal. Civ. Code §377.60.......................................................................... 15,16

Cal. Civ. Code §377.60(a) ......................................................................... 16

Cal. Civ. Code §377.60(b)(1) ..................................................................... 16

Cal. Civ. Code § 377.32......................................................................9, 10, 11

Cal. Civ. Code § 52.1......................................................................2, 8, 12, 13

Cal. Gov. Code § 856.2 .....................................................................3, 8, 9, 18

Cal. Gov. Code § 856.2 (a)(2) ................................................................... 17

Cal. Prob. Code § 6402(b) ....................................................................... 11

Cal. Prob. Code § 6451 ............................................................................ 12

Cal. Civ. Code § 377.20........................................................................... 13

**6**

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT**

California Code of Civil Procedure § 377.30 ...................................................11, 13

Rules

Fed. R. Civ. P. 12(b)(6) .................................................................2, 3, 12, 14

Regulations

45 C.F.R. § 1355.20 ...........................................................................13, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

Earlier Lawsuit-James Case

As this Court is aware, Plaintiffs ARTHUR JAMES, and STACEY M. ABBOTT (hereinafter, "James Plaintiffs") filed their original lawsuit captioned Plaintiff ARTHUR JAMES, and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent v. COUNTY OF SAN BERNARDINO on January 17, 2025.  On May 9, 2025, this Court dismissed Plaintiffs' Fifth Claim for Wrongful Death, Sixth Claim for Assault & Battery and Seventh Claim for Negligence against Defendant County of San Bernardino **with prejudice** on the grounds that Defendant County was entitled to immunity under Government Code §856.2. (Dkt. #30).  Thereafter on August 22, 2025, this Court dismissed the County from Plaintiffs' Eighth Claim for Violation of California Civil Code §52.1 **with prejudice** again on the grounds that the County was entitled to immunity under Government Code §856.2.  (Dkt. #60).

Earlier Lawsuit-Manghane Case

Plaintiffs COLLEEN MANGHANE; and ROBERT MANGHANE (hereinafter, "Manghane Plaintiffs") also filed their original lawsuit captioned COLLEEN MANGHANE; and ROBERT MANGHANE v. COUNTY OF SAN BERNARDINO Case No 5:25-cv-01107-JGB-DTB (hereinafter, "Manghane case") on May 7, 2025. This suit is based on the exact same operative facts in James Plaintiffs' case.

Consolidated Complaint

On September 11, 2025, the Court issued a Minute Order in the in the Consolidated Action striking the Manghane Complaint and ordering "the operative complaint must be consolidated across Plaintiffs and ***in accordance with this Court's rulings on dismissal"***.  (Dkt. 66).  Despite this clear directive and as detailed more

**8**

1  fully herein, the Plaintiffs have filed a Consolidated Complaint reinstating their

2  Negligence, Battery and Bane Act claims against the County even though these claims

3  were dismissed **with prejudice** as to the County of San Bernardino based on its

4  immunity under Government Code §856.2. (Dkt. 30 and 60).  There is no justification

5  for Plaintiffs to ignore this Court's prior orders dismissing these claims with prejudice

6  when the Court was clear that the Consolidated Complaint must conform to its prior

7  orders.  Plaintiffs were not given leave to amend their state law claims as to the

8  County, and they should therefore be dismissed on that grounds alone. *Nacarino v.*

9  *Chobani LLC,* 668 F. Supp. 3d 881, 902 (N.D. Cal. 2022)(Court may strike allegations

10 that are not consistent with Court's order granting leave to amend). Alternatively,

11 Defendant County requests that this Court once again find that Government Code

12 §856.2 immunity bars Plaintiff's state law claims against it **with prejudice.**

13       Additionally, Defendant County seeks dismissal of the claims by the Manghane

14 Plaintiffs, who as foster parents, lack standing to bring the claims asserted in the

15 Consolidated Complaint.

16 **II.    MANGHANE PLAINTIFFS DO NOT HAVE STANDING TO**

17 **BRING CLAIMS ON BEHALF OF ESTATE OF AARON JAMES**

18 **BECAUSE BIOLOGICAL PARENTS' RIGHTS WERE NOT**

19 **SEVERED**

20    A.   Manghane Plaintiffs' Have Not Submitted the Required Declaration to

21         Establish Standing as Successors In Interest

22       Initially, all claims brought by Plaintiffs Colleen and Robert Manghane on

23 behalf of Decedent Aaron James ("Decedent") as Decedent's purported successors-

24 in-interest are defective because Plaintiff has failed to file a proper statement pursuant

25 to Cal. Civ. Proc. Code § 377.32.  Cal. Civ. Proc. Code § 377.32 ("The person who

26 seeks to commence an action or proceeding or to continue a pending action or

27 proceeding as the decedent's successor in interest under this article, shall execute and

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT**

1  file an affidavit or a declaration….”); *see also, Dillard v. Curtis*, 2004 U.S. Dist.

2  LEXIS 22926, at *21 (N.D.Cal. 2004) (“Although Civil Procedure Code 377.32 is a

3  rule of California (not federal) procedure, it seems to set a minimum threshold below

4  which a person claiming to be a 'successor in interest' should not be permitted to slip,

5  particularly where, as here, the decedent apparently left no will and there is no estate

6  (other than potential damages from the present lawsuit) that will be subject to

7  probate.”); *Isayeva v. Cty. of Sacramento*, 2014 U.S. Dist. LEXIS 62063, at *6

8  (E.D.Cal. 2014) (“To prosecute an action as a successor in interest under state law,

9  the California Code of Civil Procedure requires a declaration containing specified

10  information.”). It is Plaintiffs' burden to prove they meet the state's requirements for

11  bringing a survival action, and they simply have not met her burden of proof. *See,*

12  *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369 (9th Cir.1998).

13       This declaration was likely omitted, because as detailed more fully below, as

14  decedent's foster parents, Colleen and Robert Manghane do not have standing

15  because the biological parents have already asserted additional rights against the same

16  Defendants as the successors in interest. *Piper v. Cabillo*, 670 F. App'x 507, 508 (9th

17  Cir. 2016)(“Although we today assume without deciding that a non-biological non-

18  adoptive 'parent' could, under some circumstances, recover under § 1983 for loss of

19  familial relations with a child, we cannot find such standing in a case in which the

20  biological parents have already vindicated identical rights against the same

21  defendant.”).

22       B.    Manghane Plaintiffs' Third, Fourth, and Fifth Claims for Municipal

23              Liability (42 U.S.C. § 1983) against the County

24       It is well established that §1983 claims in California follow the state's survival

25  statutes. *Orduno v. Hendrix*, No. EDCV162288DOCJDEX, 2017 WL 11705427, at

26  *3 (C.D. Cal. Nov. 27, 2017)(“Under 42 U.S.C. § 1983, a decedent's survivors may

27  bring a claim for the violation of decedent's constitutional rights if the claim accrued

28

**10**
**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT**

1  before the decedent's death and if applicable state law permits a survival action.")

2      Plaintiffs' §1983 claims against Defendant County of San Bernardino

3  ("Defendant") are asserted by ***all Plaintiffs***, namely the biological parents, Arthur

4  James and Stacey Abbott, and the foster parents, Colleen Manghane and Robert

5  Manghane, as successors-in-interest to Decedent. (Complaint ¶¶8-9). However, given

6  the statutory framework, foster parents and biological parents may not sue as

7  successors in interest as co-successors for Decedent because their claims would

8  conflict under California intestate succession rules.

9      California Code of Civil Procedure § 377.30 governs survival actions and

10  specifies that such actions may only be brought by the decedent's personal

11  representative or successor in interest. *See* Cal. Civ. Proc. Code § 377.32 ("A cause

12  of action that survives the death of the person entitled to commence an action or

13  proceeding passes to the decedent's successor in interest, subject to Chapter 1

14  (commencing with Section 7000) of Part 1 of Division 7 of the Probate Code, and an

15  action may be commenced by the decedent's personal representative or, if none, by

16  the decedent's successor in interest.") A term "successor in interest" is defined under

17  § 377.11 as the beneficiary of the decedent's estate or another successor who succeeds

18  to a cause of action. *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL

19  2571387, at *5 (E.D. Cal. May 21, 2020)(" A "successor in interest" is defined as "the

20  beneficiary of the decedent's estate or other successor in interest who succeeds to a

21  cause of action or to a particular item of the property that is the subject of a cause of

22  action."")

23      Applied here, James Plaintiffs (Stacy Abbott and Arthur James) have pled that

24  they are the biological parents of decedent.   In this capacity, they are the proper

25  successors in interest because Decedent's estate passes "to his parents or parents

26  equally". *See Cal. Prob. Code* § 6402(b); *Galindo v. City of San Francisco*, 718 F.

27  Supp. 3d 1121, 1131 (N.D. Cal. 2024)("California's interstate succession statute

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT**

1    indicates if there is not a surviving spouse or children of the decedent, then a

2    decedent's estate passes "to the decedent's parent or parents equally.""). James

3    Plaintiffs' declaration pursuant to §377.32(Dkt. 15 and 16), as well as their assertion

4    in their complaint that James Plaintiffs' parental rights were "never severed or

5    terminated" (Complaint ¶8), further substantiate that James Plaintiffs are the rightful

6    successors.  There is nothing in the California statutory scheme, applicable to Section

7    1983 survival actions, that authorize foster parents such as Colleen and Robert

8    Manghane to serve in this capacity in place of the biological parents whose parental

9    rights were not terminated as is pled here.

10    Simply put, as foster parents the Manghane Plaintiffs do not have parental

11    relationship for the purpose of interstate succession because they did not adopt

12    Decedent. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1052 (9th Cir.

13    2018)("Adoption severs parent-child relationships for purposes of intestate

14    succession, as here. Cal. Prob. Code § 6451.").  There was admittedly no adoption

15    here and there is no statutory provision allowing foster parents to serve as successors

16    in interest. Nowhere in the Probate Code do Plaintiffs Colleen Manghane and Robert

17    Manghane as non-adoptive foster parents come within the definition of "successor in

18    interest".

19    Accordingly, Manghane Plaintiffs should be dismissed as Plaintiffs in their

20    Third, Fourth, and Fifth Claims for Municipal Liability (42 U.S.C. § 1983) against

21    the County. *See* Fed. R. Civ. P. 12(b)(6).

22    C.    Plaintiffs' Eighth Claim for Violation of Bane Act (Cal. Civ. § 52.1)

23    against County vicariously

24    "California courts have made clear that '[t]he Bane Act is not a wrongful death

25    provision.'" *Stepanyan v. United States*, No. 2:20-CV-01774-CAS-BFMX, 2024 WL

26    3879138, at *21 (C.D. Cal. Aug. 19, 2024). Courts have consistently held that the

27    Bane Act does not provide a cause of action for wrongful death claims. Instead, it

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT**

1   allows for survival claims, which are distinct from wrongful death claims and belong

2   to the decedent before death but survive that event. *Medrano v. Kern Cnty. Sheriff's*

3   *Officer*, 921 F. Supp. 2d 1009, 1016 (E.D. Cal. 2013)("Plaintiffs' Bane Act claim is

4   in the nature of a survival cause of action, rather than a wrongful death cause of action.

5   Unlike wrongful death, a survival claim is not a new cause of action that vests in heirs

6   on the death of the decedent, but rather is a separate and distinct cause of action which

7   belonged to the decedent before death but, by statute, survives that event; the survival

8   statutes do not create a cause of action, but merely prevent abatement of a cause of

9   the injured person and provide for its enforcement by or against the personal

10  representative of the deceased.")

11      Plaintiffs' violation of Bane Act pursuant to Cal. Civ. § 52.1 is asserted both

12  James Plaintiffs and Manghane Plaintiffs as successors-in-interest. However, as set

13  forth above the violation of Bane Act claims survives Decedent's death under

14  California Code of Civil Procedure § 377.30 and may be brought by Decedent's

15  personal representative or successors-in-interest. *Id* at 1016 ("In *Dela Torre,* the court

16  concluded that the decedent's Bane Act cause of action survived her death under

17  California Code of Civil Procedure § 377.20, and therefore her mother, as successor

18  in interest, had standing to assert a claim for violation of § 52.1 on the decedent's

19  behalf."); *Dela Torre v. City of Salinas*, No. C-09-00626 RMW, 2010 WL 3743762,

20  at *7 (N.D. Cal. Sept. 17, 2010).

21      Under 45 C.F.R. § 1355.20, "[l]egal guardianship means a judicially-created

22  relationship between child and caretaker which is intended to be permanent and self-

23  sustaining as evidenced by the transfer to the caretaker of the following parental rights

24  with respect to the child: protection, education, care and control of the person, custody

25  of the person, and decision-making." *See* 45 C.F.R. § 1355.20. However, as discussed

26  previously, this relationship does not, under California law, inherently confer the

27  status of successors-in-interest as Manghane Plaintiffs seek to assert in their

28

**13**

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

complaint. Similarly, foster parents providing 24-hour substitute care for children placed away from their parents or guardians, are not included in the statutory definition of successor-in-interest. *See* 45 C.F.R. § 1355.20.

As such, Manghane Plaintiffs also should be dismissed as Plaintiffs as successors-in-interest. *See* Fed. R. Civ. P. 12(b)(6).

      D.    <u>Plaintiffs' Seventh Claim for Negligence (Survival and Wrongful Death)</u>

Plaintiffs' Seventh Claim for Negligence set forth "Plaintiffs seek compensatory damages and bring this wrongful death claim as successor-in-interest to Decedent against Defendants." (Complaint ¶168). However, as discussed previously, Manghane Plaintiffs are not proper party as successors-in-interest and should therefore be stricken as successors-in-interest. *See* R. Civ. P. 12(b)(6) and 12(f).

## III.   MANGHANE PLAINTIFFS DO NOT HAVE STANDING TO BRING THEIR SECOND CLAIM FOR DENIAL OF FAMILIAL RELATIONSHIP

The 9th Circuit has consistently prioritized the right of biological parents when both foster and biological parents attempt to assert claims for denial of familial association against the same decedent. *Piper v. Cabillo*, 670 F. App'x 507, 508 (9th Cir. 2016)("Although we today assume without deciding that a non-biological non-adoptive 'parent' could, under some circumstances, recover under § 1983 for loss of familial relations with a child, we cannot find such standing in a case in which the biological parents have already vindicated identical rights against the same defendant."); *Murphy v. Hayes*, 681 F. Supp. 3d 1043, 1047 (D. Ariz. 2023). This principle clearly underscores the legal hierarchy that places biological parents' rights above those of foster parents in cases of overlapping claims.

"[A] foster family's rights to procedural due process will not come into

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED
COMPLAINT

existence until after the natural parents have abdicated their responsibility to the child and necessitated a consideration of the alternatives. In any event, the problem of a conflict of rights can best be resolved by recognizing a hierarchy of rights." *Brown v. San Joaquin Cnty.*, 601 F. Supp. 653, 664 (E.D. Cal. 1985).

Here, Plaintiffs' Second Claim for Denial of Familial Relationship is asserted by both foster parents and biological parents, namely, Manghane Plaintiffs and James Plaintiffs. Although Manghane Plaintiffs are permanent legal guardian and foster parents, biological parents' parental rights were "never severed or terminated" (Complaint ¶8). Further, even if Manghane Plaintiffs qualified as foster parents and potentially prospective adoptive parents under California law, they failed to establish rights to familial association under the Fourteenth Amendment's Due Process Clause. *Olvera v. Cnty. of Sacramento*, 932 F. Supp. 2d 1123, 1145 (E.D. Cal. 2013)("After reviewing the limited statutory rights of a prospective adoptive parent, the court concluded that, while they "have rights under section 366.26, subdivision (n) to notice and the opportunity to object and to participate in the hearing, [ ] they have no fundamental liberty interest in the child and no statutory or due process right to appointed counsel at the hearing."") As such, Manghane Plaintiffs' liberty interest has not been legally recognized by the federal courts under the circumstances here.

Therefore, Manghane Plaintiffs should be dismissed based on lack of standing. *See* R. Civ. P. 12(b)(6).

## IV.    <u>MANGHANE PLAINTIFFS MUST BE DISMISSED FROM WRONGFUL DEATH CLAIM</u>

The wrongful death claims asserted by Plaintiffs in Sixth Claims for Battery and Seventh Claim for Negligence would yield the same result.

Wrongful death claims in California are again governed by statute as set forth by California Code of Civil Procedure § 377.60, which provides a defined list of individuals who may bring such claims. *Ferry v. De Longhi Am. Inc.*, 276 F. Supp.

3d 940, 944–45 (N.D. Cal. 2017)("Standing to sue for wrongful death is governed by California Code of Civil Procedure section 377.60 ("section 377.60"), which provides that such an action may only be brought by a defined list of persons."); *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 188, 191 Cal.Rptr.3d 263 (2015), reh'g denied (Aug. 5, 2015), *as mod*. (Aug 20, 2015), *rev. denied* (Oct. 28, 2015). "A plaintiff seeking to bring a wrongful death claim bears the burden of pleading and proving his or her standing to do so." *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th at 188, 191 Cal.Rptr.3d 263 (citation omitted).

The Manghane Plaintiffs have identified themselves in the pleadings as "court ordered approved permanent legal guardians" and "foster parents" of Decedent (Complaint ¶9) and also that the parental rights of the James plaintiffs were never terminated.  This legal relationship does not fit under the definition of those entitled to recover wrongful death damages under California law.

Cal. Civ. Code §377.60(a) states, "…If the parents of the decedent would be entitled to bring an action under this subdivision, and ***the parents are deceased***, then the legal guardians of the decedent, if any, may bring an action under this subdivision as if they were the decedent's parents." Cal. Civ. Code §377.60(a).    Decedents' parents are clearly not deceased as they are Co-Plaintiffs in this case. Further Cal. Civ. Code §377.60(b)(1) states, "Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, parents, or the legal guardians of the decedent if ***the parents are deceased***." In this present case, Decedent's biological parents are still alive and regardless there are no facts pled that the Manghane Plaintiffs were financially dependent on the minor decedent.

It is clear that Manghane Plaintiffs do not fall within the categories of persons enumerated in Cal. Civ. Code §377.60. *Welch v. Yoell*, 73 F. App'x 215, 216 (9th Cir. 2003)("The district court correctly dismissed David Welch's state wrongful death

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

1  claims. David Welch has not shown that he is the personal representative of Maurice
2  Esters, that he is entitled to property of Maurice Esters under intestate succession, or
3  that he is a dependent parent of Maurice Esters.").

4      Accordingly, Manghane Plaintiffs also should be dismissed as Plaintiffs from
5  the state law wrongful death claim.

6  **V.    DEFENDANT COUNTY OF SAN BERNARDINO MUST BE**
7  **DISMISSED FROM PLAINTIFFS' SIXTH, SEVENTH, AND**
8  **EIGHTH CLAIMS BASED ON IMMUNITY OF GOVERNMENTAL**
9  **CODE § 856.2**

10      As set forth above, Plaintiffs inexplicably reasserted their Sixth Claim for
11  Battery, Seventh Claim for Negligence, and Eighth Claim for Violation of Bane Act
12  against the County in this consolidated complaint despite court order dismissing these
13  claims as against the County due to immunity. On September 11, 2025, the Court
14  issued its "Order re Operative Complaint in Consolidated Action" (Dkt. 66). In that
15  order, the Court specifically directed the filing of a consolidated complaint to be
16  "consistent with the Court's MTD Order." *Id*. Plaintiffs' consolidated complaint
17  clearly disregards this directive from the court.

18      As already ordered by the Court previously, Cal. Gov. Code § 856.2 (a)(2)
19  provides that neither a public entity nor a public employee is liable for "[a]n injury to,
20  or the wrongful death of, an escaping or escaped person who has been confined for
21  mental illness or addiction." This immunity is "one of the many immunities subject
22  to the general statutory rule that 'a public entity is not liable for an injury resulting
23  from an act or omission of an employee of the public entity where the employee is
24  immune from liability.'" *Brookhouser v. State of California*, 10 Cal. App. 4th 1665,
25  1681, 13 Cal. Rptr. 2d 658, 668 (1992).

26      Furthermore, the exception to immunity under Cal. Gov. Code § 856.2 (b)(2)
27  does not apply to the County. Cal. Gov. Code § 856.2 (b)(2) specifically provides

28

**17**

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

nothing in subdivision (a) exonerates a "public employee" from liability. This same exception does not extend to the County who remains immune.

Plaintiffs continue to plead as the must that Decedent was an individual who was confined for mental illness, that he left the hospital, who called the Sheriff's Department to locate decedent. (Consolidated Complaint ¶¶37-39). Under these circumstances and as already held by the Court, §856.2 applies to the County and it is not a proper party in the state law claims nor were Plaintiffs authorized to amend these claims as to the County.

As such, Defendant County must be dismissed from Plaintiffs' Sixth, Seventh, and Eighth Claims as already stated several times by the Court.

## VI.    CONCLUSION

For all the foregoing reasons, Defendant County respectfully requests that Colleen and Robert Manghane be dismissed from this action and further that this Court once again dismiss the state law claims as against the County of San Bernardino based on Government Code §856.2

DATED: October 30, 2025

**LYNBERG & WATKINS**
A Professional Corporation


By:  /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

<u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned, counsel of record for Defendant County of San Bernardino's certifies that this brief contains 3,235 words, which:

    ☐ complies with the word limit of L.R. 11-6.1.

    ☐ complies with the word limit set by court order dated _____.

DATED:  October 30, 2025          **LYNBERG & WATKINS**
                                 A Professional Corporation

                              By:  /s/ Shannon L. Gustafson
                                **SHANNON L. GUSTAFSON**
                                **EDWARD J. SOUTHCOTT**
                                Attorneys for Defendants
                                COUNTY OF SAN BERNARDINO

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**