Kaveh Navab, Esq. (SBN: 280235)
navablaw@gmail.com
NAVAB LAW, APC
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone: 310-826-1002

Attorneys for Plaintiffs,
Arthur James and Stacey M. Abbott

# UNITED STATED DISTRCIT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity; Sheriff SHANNON D. DICUS, in his individual, and official capacities; DESERT VALLEY HOSPITAL, LLC, a Delaware Limited Liability Company; DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-00140 WLH(SHKx)<br><br>*Assigned for All Purposes to the Honorable Wesley L. Hsu*<br><br>*Magistrate Judge: Shashi H. Kewalramani*<br><br>**PLAINTIFFS' ARTHUR JAMES AND STACY ABBOTT'S OPPOSITION TO DEFENDANT COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>Date: December 5, 2025<br>Time: 1:30 p.m.<br>Crtrm: 9B |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiffs ARTHUR JAMES, and STACEY M. ABBOTT as parents of, and successors in interest to, AARON JAMES, decedent, will and hereby do oppose Defendants County of San Bernardino Motion to Dismiss Plaintiffs' Consolidated Complaint.

This Opposition is based upon this Memorandum of Points and Authorities and upon such further evidence and argument as may be presented prior to or at the time of the hearing of the motion.

Dated: November 14, 2025,                    **NAVAB LAW, APC**

By: _____/s/ Kaveh Navab_____
Kaveh Navab, Esq.
Attorney for Plaintiffs

## MEMORANDUM OF POINT AND AUTHORITIES

As Defendant County's motion correctly pointed out, Plaintiffs' Arthur James and Stacey Abbott the decedent's biological parents, filed a fully executed declaration pursuant to Cal. Civ. Proc. Code §377.32 (Dkt. 15 and 16), and as the consolidated complaint set forth their parental rights were "never severed or terminated." *See* Complaint ¶ 8. As such, Defendants in their motion do not challenge or question Plaintiffs Arthur James and Stacy Abbott' standing as the biological parents of decedent and as the successors in interest to decedent. Pursuant to the law and based on the facts before the Court and the declarations which include the decedent's death certificate, Plaintiffs' Arthur James and Stacey Abbott have standing for all claims in this matter and are the successors in interest to decedent.

With regards to the County of San Bernardino's assertion regarding claims state law claims, Sixth, Seventh and Eighth based on the immunity under Government Code § 856.2 Defendants do correctly point out that the Court previously dismissed only the County Defendant from those claims. The immunity the County Defendant relies upon for the state law claims Sixth, Seventh and Eighth is inapplicable to the named Defendant Deputies and Doe Defendants. Plaintiffs Arthur James and Stacy Abbott are agreeable to striking reference to the County Defendants only from the state law claims Sixth, Seventh and Eighth in an amended complaint in accordance with the Court's prior order.

With that said, Plaintiffs maintain that Defendants in their motion misrepresented the language in the consolidated complaint and that with prior Defendant Desert Valley Hospital no longer in the matter that the facts pled and the circumstances before the Court in the current operative complaint are different should be given consideration by the Court. Defendants incorrectly state in their motion that Plaintiffs "continue to plead as the must that Decedent was an individual who was confined for mental illness, that he left the hospital, who called the Sheriff's Department to locate decedent. (Def. Motion 18:3-5.) Defendants misrepresent the language of the complaint, as the complaint that does not state "locate decedent".  Rather it states:

"37. On or about March 31, 2024, Decedent was placed on a 5150 hold

for a serious mental health crisis and transported to Desert Valley Hospital.

38. After approximately three days, on April 2, 2024, when Decedent was scheduled to be transported to a mental health facility, still experiencing a mental health crisis, the 17-year-old Decedent was not prevented from leaving the hospital.

39. Upon information and belief, Hospital staff called the Sheriff's Department and informed them of Decedent's condition and situation."

(Complaint ¶ 37-39).

This is a crucial distinction under Government Code § 856.2 (b)(2) which Defendant County relies on for their immunity. Defendants and bound to address what is actually stated in the complaint and not misrepresent the stated language. As set forth in the current operative complaint, claims, Sixth, Seventh and Eighth are not premised on apprehension during escape but rather is based on the excessive and unreasonable force used by the Defendants when they used deadly force upon decedent in the bathroom.   Plaintiffs Complaint alleges sufficient facts to plausibly allege that County's negligent acts or omissions were based on the deadly force in the bathroom and not in an attempt to "locate decedent" as stated in their motion.

## I.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court give due consideration to the language in the current operative complaint as it relates to the Court's prior ruling on Government Code § 856.2. Furthermore, Plaintiffs Arthur James and Stacy Abbott are agreeable to striking reference to the County Defendants <u>only</u> from the state law claims Sixth, Seventh and Eighth in an amended complaint in accordance with the Court's prior order.

Dated: November 11, 2025,                    **NAVAB LAW, APC**

By:   /s/ Kaveh Navab
Kaveh Navab, Esq.
Attorney for Plaintiffs

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for Plaintiffs certifies that this brief contains 577 words, which complies with the word limit of L.R. 11-6.1.


Dated: 11/14/2025                                    **NAVAB LAW, APC**


                              By:        /s/ Kaveh Navab
                                         Kaveh Navab, Esq.
                                         Attorney for Plaintiffs