SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, STACEY ABBOTT; COLLEEN MANGHANE; and ROBERT MANGHANE<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, BRANDON VENTRE; BLAINE FLEMING; MICHAEL MCMAHON; FERNANDO GONZALEZ; CHRISTOPHER CHERMS; JUSTIN SNYDER; and DOES 1-15, inclusive,<br><br>Defendants. | MASTER CASE NO. 5:25-cv-00140 WLH(SHK)<br><br>*Consolidated with* 5:25-cv-01107-*JGB (DTB)*<br><br>*Assigned for All Purposes to Honorable Wesley L. Hsu*<br><br>*Magistrate Judge: Shashi H. Kewalramani*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>*Case No. 5:25-cv-00140-WLH (SHK)*<br>*Complaint Filed:   01/17/25*<br>*FAC Filed:           03/20/25*<br>*SAC Filed:           05/29/25*<br><br>*Case No. 5:25-cv-01107-JGB (DTB)*<br>*Complaint Filed:   05/07/25*<br>*FAC Filed:           08/29/25*<br><br>*Trial Date: None Set* |

1
**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITES

## I. PRELIMINARY STATEMENT

Defendant County of San Bernardino hereby submits its Joint Reply to the separate oppositions filed by Plaintiffs ARTHUR JAMES, and STACEY M. ABBOTT (hereinafter, "James Plaintiffs") and Plaintiffs COLLEEN MANGHANE; and ROBERT MANGHANE (hereinafter, "Manghane Plaintiffs") to Defendant County of San Bernardino's Motion to Dismiss the Consolidated Complaint. In particular, the County Defendants seek their dismissal from the Sixth Claim for Battery, Seventh Claim for Negligence, and Eighth Claim for Violation of Bane Act pursuant to Cal. Gov. Code § 856.2, which it generally appears that Plaintiffs concede but there is some hint that perhaps the claim should be reinserted despite this Court's prior rulings.

Further, Manghane Plaintiffs' opposition seeks to assert their version of "facts" not previously set forth in the Consolidated Complaint ("Complaint") to justify their standing as foster parents. However, Plaintiffs may not use their opposition "to raise and argue new allegations or claims not in the complaint". *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 765 (N.D. Cal. 2022). The fact that Plaintiffs have to supplement a significant portion of their assertion to support their standing strongly suggests that the facts as currently constituted do not justify their standing.

Lastly, Manghane Plaintiffs indirectly suggest both James Plaintiffs and Manghane Plaintiffs could be successors-in-interest by setting forth that it is possible for the Court to find that more than two people are Decedent's parents under Cal. Fam. Code §7612(c). However, Cal. Fam. Code §7612(c) applies only in cases where it is necessary to avoid detriment to Decedent, and Plaintiffs' case clearly does not fall under that category. *See*, Cal. Fam. Code §7612(c). Further, Manghane Plaintiffs fail to disclose any on point case authority for this position.

As set forth more fully herein, these Plaintiffs' arguments are without merit.

## II. PLAINTIFFS' CONSOLIDATED COMPLAINT EXCEEDS THE COURT'S ORDER

As both James Plaintiffs and Manghane Plaintiffs concede, the Court's previous orders the County dismissed from Plaintiffs' state law claims **with prejudice** pursuant to Cal. Gov. Code § 856.2. (Dkt. 30, 60). Plaintiffs were specifically directed by the Court that the consolidated complaint must be **consistent with the Court's MTD Order**. (Dkt. 66). Nowhere in the Court's order did it state that Plaintiffs were free to amend the pleadings to reinsert previously dismissed claims.

"When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts [in this circuit] have held that a plaintiff is barred from adding new claims or parties." *See*, *Jameson Beach Prop. Owners Ass'n v. United States*, 2014 WL 4925253, at *4 (E.D. Cal. 2014) (citing *Benton v. Baker Hughes*, 2013 WL 3353636, at *3 (C.D. Cal. 2013)); *see also*, *Espino v. Walgreen Co.*, 2016 WL 931098, at *3 (E.D. Cal. 2016) (finding that an order that allowed the plaintiff to "cure the deficiencies identified" in an order did "not include leave to add new claims and defendants"); *Vahora v. Valley Diagnostics Lab. Inc.*, 2017 WL 2572440, at *3 (E.D. Cal. 2017) ("It is uncontested that Plaintiff included new allegations and claims in his Amended Complaint that extend beyond the limited permitted amendment as to the ninth cause of action. [Citation]. As such, the Court finds that portions of Plaintiff's Amended Complaint do not comply with the limitations on amendment provided in the Court's Order.").

It is clear that Plaintiffs' Consolidated Complaint violates these well-settled principles. As noted above, nowhere in the Court's consolidation order did it authorize Plaintiffs to reinsert claims that were already dismissed against the County.

///
///
///

## III. MANGHANE PLAINTIFFS DO NOT HAVE STANDING TO BRING CLAIMS ON BEHALF OF ESTATE OF AARON JAMES

### A. Manghane Plaintiffs Cannot Use an Opposition to Amend a Complaint

Manghane Plaintiffs spend a substantial portion of their opposition explaining why they have standing, even though Decedent's biological parents already asserted additional rights against the same Defendants as the successors-in-interest. However, none of these newly asserted arguments of counsel, couched as "facts" actually appear in the Consolidated Complaint. It is well-settled Plaintiffs may not use their Opposition as a "procedural second chance to flesh out inadequate pleadings," or to add allegations they had ample time to allege. *Newton v. American Debt Services, Inc.*, 75 F.Supp.3d 1048, 1063 quoting *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006); *see Merritt v. Metro. Life Ins. Co.*, 2010 WL 725073, at *1 (N.D. Cal. Mar. 1, 2010) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Plaintiffs' opposition is "an improper vehicle to assert additional facts not initially alleged", which must instead be properly asserted through an amended complaint. *Reno v. Nielson*, 424 F. Supp. 3d 1045, 1053 (D. Haw. 2019). Clearly, Plaintiffs fail to do so.

Although Manghane Plaintiffs intended to assert that a parent-child relationship existed with Decedent as foster parents by presenting additional facts in their opposition, the Court should consider what is actually alleged in the complaint and grant Defendants' Motion. *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019), *aff'd*, 100 F.4th 1059 (9th Cir. 2024).

### B. Manghane Plaintiffs' Alleged "Facts" In Their Opposition Is Mere Arguments Rather Than Evidence

"A court may, however, consider certain materials" when ruling on a Rule 12(b)(6) motion to dismiss, including "documents attached to the complaint,

4

documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. However, this clearly does not apply to Plaintiffs' opposition.

Plaintiffs have not submitted any court orders confirming the matters Plaintiffs claim substantiate their standing to sue, nor have they filed any request for judicial notice. In fact, Plaintiffs admitted that they have not yet even filed a declaration pursuant to California Code of Civil Procedure §377.32, which James Plaintiffs did. (Manghane Opposition 6:11-13). "California law requires any person seeking to commence an action pursuant to section 377.30 execute and file an affidavit setting forth that person's qualifications as a successor." *Raymond v. Martin*, No. 1:18–CV–00307–DAD–JLT, 2018 WL 2047202, at *3 (E.D. Cal. May 2, 2018); *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387, at *5 (E.D. Cal. May 21, 2020)("A person seeking to pursue claims as a successor in interest must file a declaration that provides statutorily required information."). This failure alone warrants dismissal of the Manghane plaintiffs as already detailed in Defendants' moving papers. Because James Plaintiffs are listed on the death certificate of Decedent and properly filed their declaration, they are generally recognized a proper successor. *Id*.

C.  **Manghane Plaintiffs Have Not Pled Sufficient Fact to Assert They Have a Legal Parent-Child Relationship with Decedent**

The cases cited by Manghane Plaintiffs are entirely different from the present case, where biological parents are clearly alive yet would be excluded and replaced by foster parents. The court denies standing where biological parents had already vindicated identical rights against the same defendant, or where the foster parent could not allege facts establishing that they legally supplanted the biological parents'

5

familial interests. *Piper v. Cabillo*, 670 F. App'x 507, 508 (9th Cir. 2016)("Piper asserts that she raised D.L. when his biological parents would not take responsibility for him, but the constitutionally protected liberty interest of parents in relationships with their children is not obviated by the weakness of the relationship. Nor can Piper allege facts (such as an adoption) establishing that she legally supplanted the parents' familial interests. Although we today assume without deciding that a non-biological non-adoptive "parent" could, **_under some circumstances_**, recover under § 1983 for loss of familial relations with a child, we cannot find such standing in a case in which the biological parents have already vindicated identical rights against the same defendant.")(citations omitted); *Murphy v. Hayes*, 681 F. Supp. 3d 1043, 1047 (D. Ariz. 2023)

Here, James Plaintiffs asserted the same right Manghane Plaintiffs seek. Further, as stated previously, Manghane Plaintiffs failed to plead sufficient fact to establish they legally supplanted the biological parents' familial interests in their consolidated complaint. Plaintiffs' opposition explaining their familial interest cannot cure their insufficiently pled complaint.

### IV.  CONCLUSION

For the foregoing reasons, Defendant County respectfully requests that Colleen and Robert Manghane be dismissed from this action and further that this Court once again dismiss the state law claims as against the County of San Bernardino based on Government Code §856.2.

DATED: November 21, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant County of San Bernardino, certifies that this brief contains 1,448 words, which:

X complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED:  November 21, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

7

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**