UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>Defendants. | Case No. 5:25-cv-00140-WLH-SHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS [76]** |

The Court is in receipt of Defendant County of San Bernardino's ("Defendant") Motion to Dismiss. ("Defendant's Motion to Dismiss," Dkt. No. 76). For the following reasons, the Court **GRANTS** in part and **DENIES** in part the Motion.

**I.    BACKGROUND**

This action arises out of the fatal shooting of 17-year-old Aaron James by San Bernardino County Sheriff's Department ("SBCSD") deputies on April 2, 2024. Plaintiffs, Aaron's biological parents and foster parents, bring claims against Defendants County of San Bernardino ("County"), Sheriff Shannon D. Dicus ("Sheriff Dicus"), and Desert Valley Hospital LLC ("DVH").

According to the Consolidated Complaint, on March 30, 2024, SBCSD deputies responded to a disturbance at Aaron James's home and transported him to DVH in

Victorville, where he was placed on a 72-hour mental-health hold pursuant to Welfare and Institutions Code § 5585.50. ("Consolidated Complaint," Dkt. No. 73 ¶ 36). Plaintiffs allege that from March 30 to April 2, 2024, Aaron James remained in DVH's custody and was under the hospital's supervision and care. (*Id.* ¶ 36-38).

On April 2, 2024, Aaron James was scheduled to be transferred from DVH to a long-term mental-health facility. (*Id.* ¶ 38). During preparations for that transfer, he allegedly escaped from DVH's custody due to the hospital's failure to adequately supervise and secure him. (*Id.* ¶¶ 38-40). After escaping, he returned to his home on Forest Hills Drive in Victorville. (*Id.* ¶ 40). SBCSD deputies responded to a call for service reporting James's presence at the residence. (*Id.* ¶ 41). Plaintiffs allege that the deputies were aware he had not threatened or harmed anyone at the scene. (*Id.* ¶¶ 42-43). At some point, James locked himself alone in a small bathroom. (*Id.*). After approximately thirty minutes, deputies forcibly entered the bathroom using a protective shield and with weapons drawn. (*Id.* ¶ 45). Plaintiffs allege that James stood in a corner of the bathroom and did not pose an imminent threat when deputies tackled him into the bathtub and shot him in the side or back within seconds. (*Id.* ¶ 44-46). No commands were issued before force was used, and deputies allegedly failed to de-escalate or consider less-lethal alternatives. (*Id.* ¶ 77). James ultimately died from these injuries. (*Id.* ¶ 46).

Decedent's biological parents, Arthur James and Stacy Abbott ("biological parents")[1], are also parties to this suit and filed the original Complaint on January 17, 2025. ("Original Complaint," Dkt. No. 1). Plaintiffs Colleen Manghane and Robert Manghane ("Plaintiffs"), decedent's foster parents, separately filed their original lawsuit on May 7, 2025, and this suit is based on the same operative facts in the biological parents' suit. On September 11, 2025, the Court issued an order instructing

---

[1] As this Motion is primarily directed at dismissing the foster parents' claims, "Plaintiffs" will refer to decedents' foster parents, while "biological parents" will refer to Arthur James and Stacy Abbott.

decedents' biological parents and foster parents to file a Consolidated Complaint containing all claims against Defendants County of San Bernardino and Deputies Brandon Ventre, Blaine Fleming, Michael McMahon, Fernando Gonzalez, Christopher Cherms and Justin Snyder. ("Order re Operative Complaint in Consolidated Action," Dkt. No. 66). In this Consolidated Complaint, Plaintiffs and biological parents assert the following eight claims for relief: (1) Unreasonable Search and Seizure and Excessive Force under 42 U.S.C. § 1983 against Defendant Deputies; (2) Substantive Due Process under 42 U.S.C. § 1983 against Defendant Deputies; (3) Unconstitutional Custom, Practice, or Policy under 42 U.S.C. § 1983 against Defendant County; (4) Municipal Liability for Failure to Train under 42 U.S.C. § 1983 against Defendant County; (5) Municipal Liability (Ratification) under 42 U.S.C. § 1983 against Defendant County; (6) Battery under Cal. Govt. Code §§ 815, 820 and California Common Law against Defendant Deputy Does, directly, and Defendant County, vicariously; (7) Negligence under Cal. Govt. Code §§ 815, 820 and California Common Law against Defendant Deputies, directly, and Defendant County, vicariously; (8) Violation of the Bane Act under California Civil Code § 52.1.

All four parents filed the consolidated complaint on October 9, 2025. ("Consolidated Complaint on Behalf of All Plaintiffs," Dkt. No. 73). Shortly thereafter, Defendant filed this instant Motion. Plaintiffs and biological parents timely opposed—to which Defendant timely replied. (Opp'n, Dkt. No. 87; Biological Parents' Opp'n., Dkt. No. 86; Reply, Dkt. No. 90). Thus, the matter is fully briefed.

## II.  DISCUSSION

### A.  Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela*

*Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court, however, is not required to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. A claim is considered to have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Under Rule 15(a), the court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting leave to amend is left to the sound discretion of the court, and the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the policy favoring amendments to pleadings is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

//
//
//
//

**B. Analysis**

*1. Plaintiffs' Lack Standing to Bring Claims on Behalf of Decedent*

Defendant moves to dismiss under the theory that Plaintiffs lack standing to bring forth their Third, Fourth and Fifth Claims[2] for municipal liability under 42 U.S.C. § 1983. (Mot. at 10-11). As mentioned, Plaintiffs' Third Claim for Relief is Unconstitutional Custom, Practice, or Policy under 42 U.S.C. § 1983 against Defendant County, the Fourth Claim for Relief is Municipal Liability for Failure to Train under 42 U.S.C. § 1983 against Defendant County and the Fifth Claim for Relief is Municipal Liability (Ratification) under 42 U.S.C. § 1983 against Defendant County. (*See generally* Compl.). "Under 42 U.S.C. § 1983, a decedent's survivors may bring a claim for the violation of decedent's constitutional rights if the claim accrued before the decedent's death and if applicable state law permits a survival action." *Orduno v. Hendrix*, No. EDCV162288DOCJDEX, 2017 WL 11705427, at *3 (C.D. Cal. Nov. 27, 2017). To bring such a claim, courts maintain that the plaintiff bears the burden of demonstrating that she meets that state's requirements for bringing a survival action. *Hayes v. County of San Diego*, 736 F.3d 1223, 1228-29 (9th Cir. 2013) (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369).

Survivors of an individual may bring claims arising under 42 U.S.C. § 1983 "if the relevant state's law authorizes a survival action." *Hayes*, 736 F.3d at 1228 (quoting *Moreland*, 159 F.3d at 369). "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland*, 159 F.3d at 369 (internal citation omitted). To determine whether

---

[2] Defendant also moves to dismiss Plaintiffs' second claim for relief under § 1983 for the unlawful interference with familial relations. (Mot. at 14). This claim, however, is brought against Defendant Deputies in the Consolidated Complaint, not the moving party Defendant County. (Compl. ¶ 86-93). As this Motion is brought by Defendant County alone pertaining to claims against it, the Court **DENIES** with respect to the Second Claim against individual deputies.

5

a plaintiff may bring a survivor action, the Ninth Circuit instructs that the courts rely upon California Code of Civil Procedure § 377.30. *Hayes*, 736 F.3d at 1229. California Code of Civil Procedure § 377.30 states, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1093 n 2 (9th Cir. 2006) ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law."). A successor in interest is the "beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of . . . property." Cal. Civ. Proc. Code § 377.11. Where a decedent dies without leaving a will, the "beneficiary of the estate" is "the sole person or all the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code." Cal. Code Civ. Pro. § 377.10(b).

Under California law, a person who seeks to commence an action as a decedent's successor in interest must execute and file an affidavit or declaration providing certain information and facts. *Saldivar v. Wright*, No. 2:20-CV-02081-CAS-PD, 2022 WL 19236738, at *5 (C.D. Cal. Dec. 8, 2022); Cal. Code Civ. Proc. § 377.32. This document must include, in part, that the declarant is the decedent's successor in interest and succeeds to the decedent's interest in the action or proceeding, and that no other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding. Cal. Civ. Proc. Code § 377.32. The Ninth Circuit has held that an individual's failure to satisfy the necessary requirements for bringing a survival action indicates that the individual lacks standing. *See Welch v. Yoell*, 73 F. App'x 215, 216-17 (9th Cir. 2003) (affirming that the stepfather lacked standing to bring survival causes of action

where he was not decedent's personal representative or successor in interest). Thus, "the courts have treated § 377.32 as a standing requirement—a decedent's successor in interest seeking to pursue a survival claim in California only has standing to do so if he or she has filed the declaration required by § 377.32." *Orduno*, 2017 WL 11705427, at *6.

Here, Plaintiffs lack standing to bring claims on behalf of decedent's estate because Plaintiffs have not established that they are decedent's personal representative or successor in interest. First, Plaintiffs have failed to file a proper statement pursuant to California Civil Procedure Code § 377.32. *See Dillard v. Curtis*, No. C 04-1449 PJH, 2004 WL 2496130, at *7 (N.D. Cal. Nov. 3, 2004) ("Although Civil Procedure Code 377.32 is a rule of California (not federal) procedure, it seems to set a minimum threshold below which a person claiming to be a 'successor in interest' should not be permitted to slip, particularly where, as here, the decedent apparently left no will and there is no estate (other than potential damages from the present lawsuit) that will be subject to probate."). Plaintiffs concede that they have not filed the relevant declaration and that they "acknowledge that Biological Parents filed a declaration pursuant to Section 377.32." (Opp'n. at 6). It appears to the Court that Plaintiffs have not filed this required declaration because decedent's biological parents are the proper successors in interest. *See Galindo v. City of San Francisco*, 718 F. Supp. 3d 1121, 1131 (N.D. Cal. 2024) (quoting Cal. Prob. Code § 6402(b)) ("California's interstate succession statute indicates if there is not a surviving spouse or children of the decedent, then a decedent's estate passes 'to the decedent's parent or parents equally.'"). Plaintiffs have not pointed to evidence that the biological parents' relationship to decedent has been legally severed through adoption, which may have established Plaintiffs as the proper successors in interest. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1052 (9th Cir. 2018) ("Adoption severs parent-child relationships for purposes of intestate succession.").

//

7

Even if Plaintiffs had satisfied the procedural requirement of filing a declaration, the courts have dismissed claims for lack of standing when the filed declaration failed to provide sufficient facts to support the statement that the plaintiff is the successor in interest to decedent's interest in the action. *See Estate of Harmon v. Cty. of San Mateo*, 2021 WL 5071831 at *1 (N.D Cal. Oct. 26, 2021) (dismissing claims for lack of standing where plaintiff's declaration lacked any facts in support of his designation as successor in interest). It is Plaintiffs' burden to prove that they have meet the state's requirements for bringing a survival action, and Plaintiffs have not met their burden of proof. *Moreland*, 159 F.3d 369.

Here, Plaintiffs' 1983 claims against Defendant necessarily fail as Plaintiffs have not established, outside of conclusory statements, that they are the proper successors in interest. Additionally, Plaintiffs have acknowledged and do not dispute that Biological Parents filed a declaration pursuant to Section 377.32 asserting their rights as the proper successors in interest. (Opp'n. at 6). The Ninth Circuit has maintained that it cannot find standing for "non-biological non-adoptive 'parent[s]'" when the "biological parents have already vindicated identical rights against the same defendant. *See Piper v. Cabillo*, 670 F. App'x 507, 508 (9th Cir. 2016) ("Although we today assume without deciding that a non-biological non-adoptive 'parent' could, under some circumstances, recover under § 1983 for loss of familial relations with a child, we cannot find such standing in a case in which the biological parents have already vindicated identical rights against the same defendant."). Defendant's Motion as to Plaintiff's Third, Fourth and Fifth claims are **GRANTED**.

Defendant also moves to dismiss Plaintiff's Eighth Claim for the violation of the Bane Act under California Civil Code § 52.1. (Mot. at 12). "The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (citation omitted). "California courts have made clear that '[t]he Bane Act is not a

wrongful death provision.'" *Stepanyan v. United States*, No. 2:20-CV-01774-CAS-BFMX, 2024 WL 3879138, at *21 (C.D. Cal. Aug. 19, 2024) (quoting *Bay Area Rapid Transit Dist. v. Superior Ct.*, 38 Cal. App. 4th 141, 144 (1995)). As a result, plaintiffs may only bring a Bane Act claim as a survival claim. *Stepanyan*, 2024 WL 3879138, at *21; *see also Est. of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218, 1229 (N.D. Cal. 2023) (finding that "even though the Bane Act is not a wrongful death provision, a decedent's successor-in-interest has standing to assert a Bane Act claim on the decedent's behalf").

Here, Plaintiffs assert Defendant's violation of the Bane Act. (Compl. ¶ 169). Related to the above arguments, this claim fails because Plaintiffs are not decedent's successors in interest. *See Dela Torre v. City of Salinas*, No. C-09-00626 RMW, 2010 WL 3743762, at *7 (N.D. Cal. Sept. 17, 2010) (concluding that decedent's husband had standing as decedent's successor in interest to assert a claim for violation of the Bane Act). Separately, the Court has previously dismissed with prejudice this claim brought by decedent's biological parents because California Government Code § 856.2 bars claims against public entities for injuries to persons who have escaped while confined for mental illness. ("Order re Motion to Dismiss Second Amended Complaint," Dkt. No. 60 at 12) ("MTD Order"). This claim is also dismissed for the same reasons that the Court dismissed with prejudice as against decedent's biological parents. Defendant's Motion as to Plaintiffs' Eight Claim is **GRANTED**.

Furthermore, Defendant seeks to dismiss Plaintiffs' Seventh Claim for negligence as Plaintiffs are not the proper successors in interest. (Mot. at 14). For the same reasons previously stated, Plaintiffs' claim here fails as Plaintiffs are not the decedent's successors in interest. Defendant's Motion as to Plaintiff's Seventh Claim is **GRANTED**.

In opposition, Plaintiffs present multiple arguments to contend that they are decedent's successors in interest. (Opp'n. at 5-14). First, Plaintiffs unconvincingly assert that they are decedent's successors in interest under California Prob. Code

§ 6454. California Probate Code § 6454 asserts that for the purpose of determining intestate succession by a person through a foster parent, the relationship of parent and child exists if (1) the relationship began during the person's minority and continued throughout the joint lifetimes of the person and the person's foster parent and (2) it is established by clear and convincing evidence that the foster parent or stepparent would have adopted the person but for a legal barrier. The courts have affirmed that California Probate Code § 6454 requires the moving party to establish a legal barrier to adoption by clear and convincing evidence. *Est. of Joseph*, 17 Cal. 4th 203, 949 P.2d 472 (1998). Plaintiffs failed to proffer allegations that they were *legally barred* from adopting decedent. (Opp'n. at 8-9). Instead, Plaintiffs chose not to adopt decedent primarily[3] "because Aaron had a deep connection with his two sisters." (*Id*. at 9). Plaintiffs contend that they did not adopt decedent because decedent was able to regularly visit his sisters and "[i]t was unclear whether these visits would be able to continue in the same manner if Aaron was formally adopted by the Manghane Plaintiffs." (*Id*. at 10). Although the Court acknowledges Plaintiffs' desire to maintain the bond between decedent and his sisters, this does not demonstrate that Plaintiffs were legally barred from adopting decedent. Plaintiffs.

Plaintiffs additionally assert that they should be deemed successors in interests because Plaintiffs "loved and cared for Aaron for over six years". (Opp'n. at 10). Plaintiffs, however, have not cited any case law to support drawing the legal conclusion of their status as successor in interest from this fact alone.

---

[3] Another reason that Plaintiffs proffered as to why adoption was not finalized is because decedent's biological parents allegedly failed to cooperate with relevant proceedings, which Plaintiffs construed as "an overt act of failing to consent to adoption." (Opp'n. at 8). Plaintiffs contend that the biological parents' failure to consent to Plaintiffs' adoption of decedent served as a legal barrier. This three sentence argument directly conflicts with Plaintiffs' two pages explanation of their decision to *not* adopt decedent, which was because Plaintiffs feared formal adoption would negatively impact decedent's relationship with his siblings who Plaintiffs did not foster. (Opp'n. at 9-10). Finally, a factual obstacle to adoption does not equate to a legal barrier, and Plaintiffs have not cited any cases to the contrary.

1    Plaintiffs further contend that they are decedent's proper successors in interest
2    through the doctrine of equitable adoption. (*Id*. at 11). "In its essence, the doctrine of
3    equitable adoption allows a person who was accepted and treated as a natural or
4    adopted child, and as to whom adoption typically was promised or contemplated but
5    never performed, to share in inheritance of the foster parents' property." *Est. of Ford*,
6    32 Cal. 4th 160, 165 (2004). "The doctrine is widely applied to allow inheritance
7    from the adoptive parent." *Id*. at 166. Thus, this doctrine is recognized in California
8    to apply to circumstances "where a 'parent' dies without formalizing a 'child's'
9    adoption, and the 'child' is deemed 'equitably adopted' in order to obtain an
10   intestate's share of the 'parent's' estate." *Reynolds v. City of Los Angeles*, 176 Cal.
11   App. 3d 1044, 1049 (Ct. App. 1986). That is not this case.

12   The single authority cited by Plaintiffs (Opp'n. at 10) supports this Court's view
13   that this doctrine applies only in the limited context of equitably adopted children
14   seeking to inherit from a decedent's estate. In the case cited by Plaintiffs, the court
15   found that the claimant did not provide clear and convincing evidence to establish that
16   he was the decedent's equitably adopted son, and thus, could not support his claim to
17   decedent's estate. *Est. of Ford*, 32 Cal. at 173. This context of inheritance is
18   irrelevant here.

19   Plaintiffs also contend that there are decedent's legal guardians. (Opp'n. at 4).
20   The relevant statutory provision states that legal guardians of a decedent can bring
21   forth such a cause of action only if the decedent's parents are *deceased*, however. *See*
22   Cal. Civ. Code § 377.60(a) ("If the parents of the decedent would be entitled to bring
23   an action under this subdivision, and the parents are deceased, then the legal guardians
24   of the decedent, if any, may bring an action under this subdivision as if they were the
25   decedent's parents."). This argument also fails.

26   Finally, Plaintiffs assert that the Court should rule in its favor due to the
27   assertion that the biological parents' parental rights "may be terminated involuntarily"
28   due to their alleged intention to abandon decedent while he was alive and alleged

history of drug abuse. (Opp'n at 11-14). Plaintiffs, however, have not provided evidence supporting its contention regarding the termination of biological parents' rights, and the Consolidated Complaint concedes that biological parents' "parental rights were never severed or terminated." (Compl. ¶ 8). For these reasons set forth above, Defendant's Motion is **GRANTED** as to these issues.

### 2. Plaintiffs' Wrongful Death Claims

Defendant moves to dismiss the wrongful death claims Plaintiffs assert under their Sixth Claim for battery and Seventh Claim for negligence. "Standing to sue for wrongful death is governed by California Code of Civil Procedure section 377.60, which provides that such an action may only be brought by a defined list of persons." *Ferry v. De Longhi Am. Inc.*, 276 F. Supp. 3d 940, 945 (N.D. Cal. 2017). The category of individuals eligible to bring wrongful death actions "is strictly construed." *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 188 (2015). These individuals include, in part, a decedent's parents, the decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession. Cal. Civ. Proc. Code § 377.60(a).

Here, Plaintiffs have identified themselves as decedent's "court ordered approved permanent legal guardians and foster parents." (Compl. ¶ 9). Thus, Plaintiffs' legal relationship to decedent does not fit under any of the relationships set forth in California Code of Civil Procedure § 377.60. Thus, Defendant's Motion is **GRANTED** as to the sixth and seventh claims regarding Plaintiffs' wrongful death claims.

### 3. Governmental Immunity

Finally, Defendant moves to dismiss Plaintiffs and biological parents' Sixth, Seventh and Eight Claims. (Mot. at 17). As to Plaintiffs, the Court has already ordered that these claims be dismissed. As to decedent's biological parents, these

claims fail because California Government Code § 856.2 bars claims against public entities for injuries to persons who have escaped while confined for mental illness. *See Spath v. County of Santa Clara*, 669 F. Supp. 3d 835, 847 (N.D. Cal. 2023) ("Assuming Defendants were negligent at some point during Noah's confinement, such liability would not negate Section 856.2 immunity.").

To the extent Plaintiffs and biological parents rely on § 856.2(b)(2), which withholds immunity from *employees* for negligence "in recapturing" an escaped person, that exception does not apply to public entities like Defendant County, which are expressly immunized. *See* Cal. Gov't Code § 856.2(b)(1)-(2) ("Nothing in this section exonerates a *public employee* from liability: [i]f he acted or failed to act because of actual fraud, corruption, or actual malice . . . [f]or injuries inflicted as a result of his own negligent or wrongful act or omission on an escaping or escaped mental patient in recapturing him."). In opposition, decedent's biological parents state that these claims were based on the County's negligent acts related to the deadly force used against decedent when he was in the bathroom. (Biological Parents' Opp'n. at 4). Even if the Court were to accept this construction of the allegations, the County's immunity pursuant to Section 856.2 still bars this claim. Thus, Defendant's Motion is **GRANTED**.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion as follows: as to Plaintiffs, the Motion is **GRANTED** with prejudice as to Plaintiffs' Third, Fourth, Fifth, Sixth, Seventh and Eight Claims; as to decedent's biological parents, the Motion is **GRANTED** with prejudice as to the Sixth, Seventh and Eight Claims. Defendant's Motion is **DENIED** with respect to the Second Claim against the individual deputies.

//

//

//

Plaintiffs may file an Amended Consolidated Complaint in conformance with this order no later than 21 days from today; otherwise, the Consolidated Complaint will remain the operative pleading but without the dismissed theories of liability.

**IT IS SO ORDERED.**

Dated: January 16, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE