1 │ SHANNON L. GUSTAFSON (SBN 228856)
  │ sgustafson@lynberg.com
2 │ EDWARD J. SOUTHCOTT (SBN 305701)
  │ esouthcott@lynberg.com
3 │ **LYNBERG & WATKINS**
  │ A Professional Corporation
4 │ 1100 W. Town & Country Road, Suite 1450
  │ Orange, California 92868
5 │ (714) 937-1010 Telephone
  │ (714) 937-1003 Facsimile
6 │
7 │ Attorneys for Defendant COUNTY OF SAN BERNARDINO, FERNANDO
  │ GONZALEZ; JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING,
8 │ BRANDON VENTRE AND CHRISTOPHER CHERMS

9 │                **UNITED STATES DISTRICT COURT**

10 │               **CENTRAL DISTRICT OF CALIFORNIA**

11 │
12 │ ARTHUR JAMES, STACEY          │ MASTER CASE NO. 5:25-cv-00140
   │ ABBOTT; COLLEEN MANGHANE;     │ WLH(SHK)
   │ and ROBERT MANGHANE           │
13 │                               │ *Consolidated with* 5:25-cv-01107-*JGB*
   │        Plaintiffs,            │ *(DTB)*
14 │                               │
   │        vs.                    │ *Assigned for All Purposes to*
15 │                               │ *Honorable Wesley L. Hsu*
   │ COUNTY OF SAN BERNARDINO,     │
16 │ BRANDON VENTRE; BLAINE        │ *Magistrate Judge: Shashi H.*
   │ FLEMING; MICHAEL MCMAHON;     │ *Kewalramani*
17 │ FERNANDO GONZALEZ;            │
   │ CHRISTOPHER CHERMS; JUSTIN    │ **INDIVIDUAL COUNTY**
18 │ SNYDER; and DOES 1-15, inclusive, │ **DEFENDANTS' MOTION TO**
   │                               │ **DISMISS PLAINTIFFS'**
19 │                               │ **CONSOLIDATED COMPLAINT;**
   │        Defendants.            │ **POINTS AND AUTHORITIES**
20 │                               │
   │                               │ *[Proposed] Order Concurrently Lodged*
21 │                               │
   │                               │ Date: February 27, 2026
22 │                               │ Time: 1:30 p.m.
   │                               │ Crtrm.: 9B
23 │                               │
   │                               │ *Case No. 5:25-cv-00140-WLH (SHK)*
24 │                               │ *Complaint Filed:    01/17/25*
   │                               │ *FAC Filed:         03/20/25*
25 │                               │ *SAC Filed:         05/29/25*
26 │                               │ *Case No. 5:25-cv-01107-JGB (DTB)*
   │                               │ *Complaint Filed:    05/07/25*
27 │                               │ *FAC Filed:          08/29/25*
28 │

**1**

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

_Trial Date: None Set_

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OR RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2026 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, Defendants FERNANDO GONZALEZ, JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE AND CHRISTOPHER CHERMS ("Defendants") will, and hereby do, move this Court for an order dismissing ARTHUR JAMES, STACEY M. ABBOTT, COLLEEN MANGHANE, and ROBERT MANGHANE's ("Plaintiffs") Consolidated Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants bring this Motion on each of the following grounds:

1.     Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE, as successors-in-interest, lack standing to assert their First Claim for Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983) against individual County Defendants because biological parents', Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT, parental rights were not severed. _See_ Fed. R. Civ. P. 12(b)(6).

2.     Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE, as successors-in-interest, lack standing to assert their Second Claim for Substantive Due Process - the Unlawful Interference with Familial Relations (42 U.S.C. § 1983) against individual County Defendants because biological parents', Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT, parental rights were not severed. _See_ Fed. R. Civ. P. 12(b)(6).

3.     Defendants are entitled to qualified immunity as to Plaintiff COLLEEN MANGHANE and ROBERT MANGHANE'S First and Second Claims for Relief.

Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, Plaintiffs' Consolidated Complaint, and upon such other and further

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

1  matters as may properly come before the Court.

2          Pursuant to Local Rule 7-3, Defendants served a meet and confer email on

3  January 16, 2026, after the Court issued an order dismissing Plaintiffs Third, Fourth,

4  Fifth, Sixth, Seventh, and Eighth Claims with prejudice as to the County Defendants

5  requesting that Plaintiffs dismiss these claims for same reason that the claims as to

6  the County were dismissed or in the alternative that Plaintiffs stipulate to an extension

7  of time for the individual Defendants to respond so that these issues could be

8  discussed. Plaintiff's counsel for the foster parents did not provide a time that the

9  parties could meet and confer and instead indicated that he would get back to

10  Defendants on January 23, 2026 as to his client's position, the same day their response

11  was due.  At the time of the filing of this Motion, counsel has still not provided his

12  position, provided a time to discuss the issues further, or granted an extension to allow

13  for the same.  Defendants have been therefore left with no choice but to file this

14  Motion as their deadline to respond is January 23, 2026.

15

16

17  DATED:  January 23, 2026          **LYNBERG & WATKINS**
                                       A Professional Corporation

18

19

20                                  By:  */s/ Shannon L. Gustafson*
                                        **SHANNON L. GUSTAFSON**
21                                      **EDWARD J. SOUTHCOTT**
                                        Attorneys for Defendant
22                                      COUNTY OF SAN BERNARDINO
                                        FERNANDO GONZALEZ; JUSTIN
23                                      SNYDER, MICHAEL MCMAHON,
                                        BLAINE FLEMING, BRANDON
24                                      VENTRE AND CHRISTOPHER
                                        CHERMS
25

26

27

28

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

On January 16, 2026, this Court granted Defendant County of San Bernardino's Motion to Dismiss Plaintiffs' Consolidated Complaint in part and denied in part. (Dkt. 99 – Cout Order). In particular, the Court concluded that Plaintiffs Colleen Manghane and Robert Manghane ("Manghane Plaintiffs") lacked standing to bring claims on behalf of Decedent and granted the Motion dismissing Plaintiffs' Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims in their entirety with prejudice as to the Manghane Plaintiffs.

However, the Manghane Plaintiffs also assert their First Claim for Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983) and Second Claim for Substantive Due Process - the Unlawful Interference with Familial Relations (42 U.S.C. § 1983) on behalf of Decedent against the individual County Defendants. (Dkt. 73). The same reasoning as to why this Court dismissed the Manghane Plaintiffs' §1983 claims on the County's Motion, apply with equal force to the §1983 claims asserted only against the individual Defendants as found in the First and Second Claims for Relief.

### II.    MANGHANE PLAINTIFFS DO NOT HAVE STANDING TO BRING CLAIMS ON BEHALF OF AARON JAMES

Plaintiffs brought claims "individually and as successors-in-interest to Decedent." (Dkt. 73). However, as this Court already found, such claims are defective because Plaintiff has failed to file a proper statement pursuant to Cal. Civ. Proc. Code § 377.32 and therefore Plaintiffs have not established that they are Decedent's personal representative or successor in interest. (Dkt. 99).

To commence an action as a decedent's "successor in interest", Plaintiffs must execute and file an affidavit or declaration providing certain information and facts. *Saldivar v. Wright*, No. 2:20-CV-02081-CAS-PD, 2022 WL 19236738, at *5 (C.D.

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

1  Cal. Dec. 8, 2022); *Isayeva v. Cty. of Sacramento*, 2014 U.S. Dist. LEXIS 62063, at

2  *6 (E.D.Cal. 2014) ("To prosecute an action as a successor in interest under state law,

3  the California Code of Civil Procedure requires a declaration containing specified

4  information."). Cal. Civ. Proc. Code § 377.32 requires an affidavit or a declaration to

5  include that the declarant is the decedent's successor in interest and succeeds to the

6  decedent's interest in the action or proceeding, and that no other person has a superior

7  right to commence the action or proceeding or to be substituted for the decedent in

8  the pending action or proceeding.

9       As this Court already determined, Plaintiffs have ***failed to file a proper***

10 ***statement*** such as an affidavit or declaration pursuant to California Civil Procedure

11 Code § 377.32. *see, Dillard v. Curtis*, 2004 U.S. Dist. LEXIS 22926, at *21 (N.D.Cal.

12 2004) ("Although Civil Procedure Code 377.32 is a rule of California (not federal)

13 procedure, it seems to set a minimum threshold below which a person claiming to be

14 a 'successor in interest' should not be permitted to slip, particularly where, as here,

15 the decedent apparently left no will and there is no estate (other than potential

16 damages from the present lawsuit) that will be subject to probate."). Further,

17 Plaintiffs' Consolidated Complaints failed to plead sufficient fact to establish

18 Plaintiffs as the proper successors in interest such as severance of the biological

19 parents' relationship to Decedent through adoption. *Wheeler v. City of Santa Clara*,

20 894 F.3d 1046, 1052 (9th Cir. 2018)("Adoption severs parent-child relationships for

21 purposes of intestate succession, as here. Cal. Prob. Code § 6451."). There was

22 admittedly no adoption here and there is no statutory provision allowing foster parents

23 to serve as successors in interest. Nowhere in the Probate Code do Plaintiffs as non-

24 adoptive foster parents come within the definition of "successor in interest".

25      It is Plaintiffs' burden to prove they meet the state's requirements for bringing

26 a survival action, and they simply have not met her burden of proof. *See, Moreland*

27

28

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

1   *v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369 (9th Cir.1998). Cal. Civ. Proc.

2   Code § 377.32.

3       Accordingly, Plaintiffs' claims brought as successors in interest should be

4   dismissed.

5   **III.**    <u>**PLAINTIFFS' FIRST CLAIM FOR EXCESSIVE FORCE SHOULD**</u>

6         <u>**BE DISMISSED**</u>

7       The 9th Circuit has established that "[i]n § 1983 actions, ... the survivors of an

8   individual killed as a result of an officer's excessive use of force may assert a Fourth

9   Amendment claim on that individual's behalf if the relevant state's law authorizes a

10   survival action." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013).

11   As such, Plaintiffs bears the burden of demonstrating that "a particular state's law

12   authorizes a survival action and that the plaintiff meets that state's requirements for

13   bringing a survival action." Id at 1228-1229; *Moreland v. Las Vegas Metro. Police*

14   *Dep't*, 159 F.3d 365, 369 (9th Cir.1998). In California, "[a] cause of action that

15   survives the death of the person entitled to commence an action or proceeding passes

16   to the decedent's successor in interest, subject to [the California Probate Code] ... and

17   an action may be commenced by the decedent's personal representative or, if none, by

18   the ***decedent's successor in interest***." *Cotta v. Cnty. of Kings*, 79 F. Supp. 3d 1148,

19   1158 (E.D. Cal. 2015), *on reconsideration in part*, No. 1:13-CV-359-LJO-SMS, 2015

20   WL 521358 (E.D. Cal. Feb. 9, 2015), *aff'd in part, rev'd in part*, 686 F. App'x 467

21   (9th Cir. 2017)(emphasis added).

22       In this case, Decedent's successor in interest, Decedent's biological parents are

23   the proper individuals to prosecute the survival action. *Tatum v. City & Cnty. of San*

24   *Francisco*, 441 F.3d 1090, 1093 n. 2 (9th Cir.2006).   Hence, and as already

25   determined by the Court, the Manghane Plaintiffs, as the foster parents, have not

26   established that they can bring survival claims on behalf of the Estate of Aarron

27

28

**6**

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

1 James.  Accordingly, Plaintiffs' First Claim, which is again a survival claim, must be

2 dismissed as to the Manghane Plaintiffs.

3      **IV.**    **PLAINTIFFS' SECOND CLAIM FOR THE UNLAWFUL**

4               **INTERFERENCE WITH FAMILIAL RELATION SHOULD BE**

5               **DISMISSED**

6      Similarly, the 9th Circuit has consistently prioritized the right of biological

7 parents when both foster and biological parents attempt to assert claims for denial of

8 familial association against the **_same_** decedent. *Piper v. Cabillo*, 670 F. App'x 507,

9 508 (9th Cir. 2016)("Although we today assume without deciding that a non-

10 biological non-adoptive 'parent' could, under some circumstances, recover under §

11 1983 for loss of familial relations with a child, we cannot find such standing in a case

12 in which the biological parents have already vindicated identical rights against the

13 same defendant."); *Murphy v. Hayes*, 681 F. Supp. 3d 1043, 1047 (D. Ariz. 2023).

14 This principle clearly underscores the legal hierarchy that places biological parents'

15 rights above those of foster parents in cases of overlapping claims.

16      "[A] foster family's rights to procedural due process will not come into

17 existence until after the natural parents have abdicated their responsibility to the child

18 and necessitated a consideration of the alternatives. In any event, the problem of a

19 conflict of rights can best be resolved by recognizing a hierarchy of rights." *Brown v.*

20 *San Joaquin Cnty.*, 601 F. Supp. 653, 664 (E.D. Cal. 1985).

21      Previously, the Court denied Defendant County's Motion to dismiss Plaintiffs'

22 Second Claim for the unlawful interference with familial relations **_only because it_**

23 **_was brought by Defendant County alone_**. (Dkt. 99, Court Order pg. 5). However, this

24 Motion is now being made by the individual Defendants and should be granted for

25 the reasons indicated.

26 ///

27 ///

28

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

## V. <u>THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY</u>

Alternatively, the individual Defendants should be entitled to qualified immunity. Congress enacted 42 U.S.C. § 1983 in order to provide citizens with a means to seek civil damages against public employees who violate their federal constitutional rights. *See*, *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution . . .."). However, the Supreme Court has recognized that Section 1983 damage suits against governmental employees entail substantial "social costs" which include the "expense of litigation, the diversion of official energy from pressing public issues and the deterrence of able citizens from acceptance of public office." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The qualified immunity doctrine addresses these concerns by providing for pre-trial judicial screening of Section 1983 claims. *See*, *Johnson v. County of Los Angeles*, 340 F.3d 787, 791 (9th Cir 2003)(it is for "courts, not juries to settle the ultimate questions of qualified immunity."); *Nunez v. Davis*, 169 F.3d 1222, 1229 (9th Cir. 2000)("Whether a public official is entitled to qualified immunity is a question of law.").

The Supreme Court has emphasized that qualified immunity determinations involve two levels of judicial screening. *See*, *Saucier v. Katz*, 533 U.S. 194, 201 (2001). To "defeat ... officials' defense of qualified immunity," a plaintiff "must show, 'first, [that he] suffered a deprivation of a constitutional or statutory right; and second [that such] right was clearly established at the time of the alleged misconduct.' " *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016)(alterations in original)(quoting *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015)(per curiam)). The Court "may decide for [itself] which step of the analysis to undertake first." *Id*. "Failing at either one will negate [a plaintiff's] eligibility to recover damages." *Id*.

**8**
**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' CONSOLIDATED COMPLAINT**

1    "It is **the plaintiff** who bears the **burden** of showing that the rights allegedly

2    violated were clearly established." *See, Shafer v. Cty. of Santa Barbara*, 868 F.3d

3    1110, 1118 (9th Cir. 2017)(emphasis added). In order to discharge this burden, a

4    Section 1983 plaintiff must point to case law that states "a clearly established rule

5    prohibiting the [public employee] from acting as he did … [i]n the *circumstances*

6    *presented* to the [employee]." *Saucier v. Katz*, 533 U.S. 194, 209 (2001) (emphasis

7    added). "This requires a high 'degree of specificity'" (*District of Columbia v. Wesby*,

8    138 S.Ct. 577, 590 (2018))(citations omitted), inasmuch as qualified immunity is a

9    "fact-specific, highly contextualized" inquiry. *Hamby v. Hammond*, 821 F.3d 1085,

10    1092 (9th Cir. 2016); *see*, *White v. Pauly*, 137 S.Ct. 548, 552 (2017) ("As this Court

11    explained decades ago, the clearly established law must be '***particularized' to the***

12    ***facts*** of the case.")(emphasis added); *Sharp v. County of Orange*, 871 F.3d 901, 911

13    (9th Cir. 2017) ("Plaintiffs must point to prior case law that articulates a constitutional

14    rule specific enough to alert *these* [public employees] *in this case* that *their particular*

15    *conduct* was unlawful.") (italics in original); *id.* at 917 ("Plaintiffs point only to cases

16    that establish the general framework for evaluating how much force is constitutionally

17    excessive. . . But that is not enough to defeat a qualified-immunity defense.").

18    Further, the issue is for the Court alone. *See*, *Nunez v. Davis*, 169 F.3d 1222, 1229

19    (9th Cir. 2000) ("Whether a public official is entitled to qualified immunity is a

20    question of law."); *Johnson v. County of Los Angeles*, 340 F.3d 787, 791 (9th Cir.

21    2003) (It is for "courts, not juries to settle the ultimate questions of qualified

22    immunity."). Accordingly, on this point, dismissal is required. *See*, *Hunter v. Bryant*,

23    502 U.S. 224, 228 (1991)("we repeatedly have stressed the importance of resolving

24    immunity questions at the earliest possible stage in litigation."); *Act Up!/Portland v.*

25    *Bagley*, 988 F.2d 868, 873 (9th Cir. 1993)(given its importance, qualified immunity

26    "should be determined by the district court at the earliest possible point in the

27    litigation.").

28

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

1   There is no clearly established authority that sets forth a constitutional right by

2   the Manghane Plaintiffs, as adoptive parents, when the biological parents rights have

3   not been severed, such that Defendants were notice that they could be held liable for

4   interfering with said rights by their conduct at issue here.

5   **VI.   CONCLUSION**

6   For all the foregoing reasons, Defendants respectfully request that Plaintiffs'

7   First and Second Claim for Relief asserted by the Manghane Plaintiffs be dismissed

8   with prejudice as the Court has already done with the Third through Eighth Claims.

9

10   DATED:  January 23, 2026                 **LYNBERG & WATKINS**
                                               A Professional Corporation
11

12

13

14                                       By: */s/ Shannon L. Gustafson*
                                             **SHANNON L. GUSTAFSON**
15                                           **EDWARD J. SOUTHCOTT**
                                             Attorneys for Defendant
16                                           COUNTY OF SAN BERNARDINO

17

18

19

20

21

22

23

24

25

26

27

28

**10**

**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

1

## CERTIFICATE OF COMPLIANCE

2        The undersigned, counsel of record for Individual County Defendants

3  certifies that this brief contains 1,932 words, which:

4        X complies with the word limit of L.R. 11-6.1.

5        ☐ complies with the word limit set by court order dated _____.

6

7  DATED:  January 23, 2026                **LYNBERG & WATKINS**
                                            A Professional Corporation

8

9

10

11                                    By:  */s/ Shannon L. Gustafson*
                                          **SHANNON L. GUSTAFSON**
                                          **EDWARD J. SOUTHCOTT**
12                                        Attorneys for Defendant
                                          COUNTY OF SAN BERNARDINO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**11**
**INDIVIDUAL COUNTY DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' CONSOLIDATED COMPLAINT**