SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF SAN BERNARDINO, FERNANDO GONZALEZ; JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE AND CHRISTOPHER CHERMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, STACEY ABBOTT; COLLEEN MANGHANE; and ROBERT MANGHANE<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, BRANDON VENTRE; BLAINE FLEMING; MICHAEL MCMAHON; FERNANDO GONZALEZ; CHRISTOPHER CHERMS; JUSTIN SNYDER; and DOES 1-15, inclusive,<br><br>Defendants. | MASTER CASE NO. 5:25-cv-00140 WLH (ACCVx)<br><br>*Consolidated with* 5:25-cv-01107-*JGB (DTB)*<br><br>*Assigned for All Purposes to Honorable Wesley L. Hsu*<br><br>*Magistrate Judge: Angela C.C. Viramontes*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO, GONZALEZ. SNYDER, MCMAHON, FLEMING, VENTRE, AND CHERMS' ANSWER TO THIRD AMENDED COMPLAINT; JURY TRIAL DEMAND**<br><br>*Case No. 5:25-cv-00140-WLH (ACCV)*<br>*Complaint Filed:    01/17/25*<br>*FAC Filed:           03/20/25*<br>*SAC Filed:           05/29/25*<br>*TAC Filed:           02/06/26*<br><br>*Case No. 5:25-cv-01107-JGB (DTB)*<br>*Complaint Filed:    05/07/25*<br>*FAC Filed:           08/29/25*<br><br>*Trial Date: None Set* |

1
**DEFENDANTS COUNTY OF SAN BERNARDINO, GONZALEZ. SNYDER, MCMAHON, FLEMING, VENTRE, AND CHERMS' ANSWER TO THIRD AMENDED COMPLAINT**

**COMES NOW**, Defendants COUNTY OF SAN BERNARDINO, FERNANDO GONZALEZ, JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE, and CHRISTOPHER CHERMS, (hereinafter "Defendants") in answering Plaintiffs ARTHUR JAMES and STACEY M. ABBOTT's (hereinafter "Plaintiffs") Third Amended Complaint ("TAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1. In answering paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 21, 22, 23, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 54, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendants deny each and every allegation contained therein.

2. In answering paragraphs 17, 18, 19, 20, 24, 25, 48, 50, 51, 52, and 53, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, further the Doe Defendants have not been named, and on that basis, Defendants deny each and every allegation contained therein.

3. In answering paragraph 10, Defendants admit that Defendant County of San Bernardino ("County") is a political subdivision of the State of California that is within this judicial district. Defendants deny the remainder of these paragraphs.

4. In answering paragraph 11, Defendants admit that Defendant Brandon Ventre was a duly appointed County Sheriff's Deputy and/or employee or agent of County. Defendants deny the remainder of these paragraphs.

5. In answering paragraph 12, Defendants admit that Defendant Blaine Fleming was a duly appointed County Sheriff's Deputy and/or employee or agent of County. Defendants deny the remainder of these paragraphs.

6. In answering paragraph 13, Defendants admit that Defendant Michael McMathon was a duly appointed County Sheriff's Deputy and/or employee or agent

of County. Defendants deny the remainder of these paragraphs.

7. In answering paragraph 14, Defendants admit that Defendant Fernando Gonzalez was a duly appointed County Sheriff's Deputy and/or employee or agent of County. Defendants deny the remainder of these paragraphs.

8. In answering paragraph 15, Defendants admit that Defendant Christopher Cherms was a duly appointed County Sheriff's Deputy and/or employee or agent of County. Defendants deny the remainder of these paragraphs.

9. In answering paragraph 16, Defendants admit that Defendant Justin Snyder was a duly appointed County Sheriff's Deputy and/or employee or agent of County. Defendants deny the remainder of these paragraphs.

10. In answering paragraphs 26, 27, and 28, Defendants admit Plaintiffs have stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendant denies the remainder of these paragraphs.

11. In answering paragraph 29, Defendants admit on October 1, 2024, that it received the tort claims submitted by Plaintiffs and denies the remainder of the paragraph.

12. In answering paragraph 30, Defendants admit Plaintiffs' claims were rejected by the County of San Bernardino on November 8, 2024.

13. In answering paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 154, 155, 156, 157, 158, 159, 160, 161, and 162, Defendants deny generally and specifically each and every allegation contained therein.

14. Paragraph 56 does not set forth any factual content for Defendants to

respond to as it simply explains the Fourth Amendment (Excessive Force). To the extent that this paragraph is construed to contain any factual allegations, Defendants deny the same.

15. Paragraph 71 does not set forth any factual content for Defendants to respond to as it simply explains the Substantive Due Process Clause of the Fourteenth Amendment. To the extent that this paragraph is construed to contain any factual allegations, Defendants deny the same.

16. Paragraph 153 does not set forth any factual content for Defendants to respond to as it simply explains California *Civil Code* § 52.1 (the Bane Act). To the extent that this paragraph is construed to contain any factual allegations, Defendants deny the same.

17. In answering paragraphs 30, 55, 70, 78, 103, 115, 125, 140, and 152, Defendants reiterate and incorporates by reference to their answers to those paragraphs previously contained in this answer.

18. As to Plaintiff's "Prayer for Relief," Defendants deny Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

19. Plaintiffs' TAC, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiffs' TAC also fails to state a claim against any defendant in this action.

## SECOND AFFIRMATIVE DEFENSE

20. At all times relevant to this litigation, Defendants acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San

Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

### THIRD AFFIRMATIVE DEFENSE

21. Any injury or damages suffered by Plaintiffs and/or Decedent were caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiffs and/or Decedent, and not by reason of any unlawful act or omission of these Defendant. Moreover, Plaintiffs failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiffs and/or Decedent in Plaintiffs' TAC.

### FOURTH AFFIRMATIVE DEFENSE

22. Plaintiffs and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the TAC. Defendant is not liable for injury or damages, if any there were, because Plaintiff and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

23. Any injury to Decedent was due to and caused by his own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Decedent. Any damages awarded in this action should therefore be in direct proportion, if any, as provided by California Civil Code §§1431 to 1431.5.

## SIXTH AFFIRMATIVE DEFENSE

24. By the exercise of reasonable effort, Plaintiffs and/or Decedent could have mitigated the amount of damages, if any there were, but Plaintiff and/or Decedent failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages.

## SEVENTH AFFIRMATIVE DEFENSE

25. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

## EIGHTH AFFIRMATIVE DEFENSE

26. These answering Defendants have never taken any action with a conscious disregard of Decedent's rights, and have not engaged in any conduct with respect to Decedent which would constitute deliberate or intentional conduct, nor has this answering Defendant ratified or approved any such act or acts of others.

## NINTH AFFIRMATIVE DEFENSE

27. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

## TENTH AFFIRMATIVE DEFENSE

28. Defendants' actions herein were all pursuant to legitimate penal interests.

## ELEVENTH AFFIRMATIVE DEFENSE

29. The force used on Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

## TWELVETH AFFIRMATIVE DEFENSE

30. Defendants allege that Plaintiffs' claims fail to allege a constitutional or statutory violation.

**DEFENDANTS COUNTY OF SAN BERNARDINO, GONZALEZ. SNYDER, MCMAHON, FLEMING, VENTRE, AND CHERMS' ANSWER TO THIRD AMENDED COMPLAINT**

**THIRTEENTH AFFIRMATIVE DEFENSE**

31. Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

**FOURTEENTH AFFIRMATIVE DEFENSE**

32. The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent escape or to overcome his resistance.

**FIFTEENTH AFFIRMATIVE DEFENSE**

33. Defendants allege that Plaintiffs received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

**SIXTEENTH AFFIRMATIVE DEFENSE**

34. Plaintiffs' claims are barred by the qualified immunity doctrine.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

35. Defendants allege that none of the claims or causes of action of Plaintiffs' TAC state facts sufficient to constitute a claim against Defendants for punitive or exemplary damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

36. Defendants acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiffs and/or Decedent, or any duties owed to Plaintiffs and/or Decedent.

**NINTEENTH AFFIRMATIVE DEFENSE**

37. All events in connection with the incident alleged in Plaintiffs' TAC and

any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiffs and/or Decedent, in that he failed to exercise ordinary care for his own safety under the circumstances, thereby barring any recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

38. Defendants may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

39. Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are barred by sovereign immunity and/or the federal Eleventh Amendment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

41. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §§ 815 and 815.2.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

42. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §815.6.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

43. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §818.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

44. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §818.2.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

45. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §818.8.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

46. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.2

## TWENTY-NINTH AFFIRMATIVE DEFENSE

47. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.4.

## THIRTIETH AFFIRMATIVE DEFENSE

48. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.6.

## THIRTY- FIRST AFFIRMATIVE DEFENSE

49. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.8.

## THIRTY- SECOND AFFIRMATIVE DEFENSE

50. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §821.

## THIRTY- THIRD AFFIRMATIVE DEFENSE

51. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §821.6.

## THIRTY- FOURTH AFFIRMATIVE DEFENSE

52. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §821.8.

**THIRTY- FIFTH AFFIRMATIVE DEFENSE**

53. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §822.2.

**THIRTY- SIXTH AFFIRMATIVE DEFENSE**

54. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §845.

**THIRTY- SEVENTH AFFIRMATIVE DEFENSE**

55. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §845.8.

**THIRTY- EIGHTH AFFIRMATIVE DEFENSE**

56. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §846.

**THIRTY- NINTH AFFIRMATIVE DEFENSE**

57. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §855.6.

**FORTIETH AFFIRMATIVE DEFENSE**

58. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §855.8.

**FORTY- FIRST AFFIRMATIVE DEFENSE**

59. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §856.2.

**FORTY- SECOND AFFIRMATIVE DEFENSE**

60. Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §856.4.

**FORTY- THIRD AFFIRMATIVE DEFENSE**

61. The force, if any, used on Decedent was only that amount of force justified pursuant to California Civil Code § 50 and/or California Penal Code § 835a.

### FORTY- FOURTH AFFIRMATIVE DEFENSE

62. Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code §§834, 834a and 835.

### FORTY- FIFTH AFFIRMATIVE DEFENSE

63. Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code §835a.

### FORTY- SIXTH AFFIRMATIVE DEFENSE

64. Defendant alleges that Plaintiffs' claims are barred by the provisions of California Penal Code §836 and 836.5.

### FORTY- SEVENTH AFFIRMATIVE DEFENSE

65. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338(c), 340, 342, 343, and California Government Code § 945.6 and/or 950.2.

### FORTY- EIGHTH AFFIRMATIVE DEFENSE

66. Defendants allege that that Plaintiffs' claims are barred by the provisions of California Government Code §§ 911.2, 945.4, and 945.6. Specifically, Plaintiffs' governmental claim form, if any, and/or Complaint are untimely and/or the allegations contained therein vary from those now asserted in the TAC.

### FORTY- NINTH AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred by California Penal Code §197.

### FIFTIETH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

69. At the time of the incident referred to in Plaintiffs' TAC, Plaintiffs and/or Decedent and/or third parties were negligent or at fault and failed to use that degree

of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that Plaintiffs and/or Decedent's negligence or fault must be compared with the negligence or fault of this Plaintiff and/or Decedent, as well as that of any other persons and parties; and that any award to Plaintiffs must be reduced by the amount that Plaintiff and/or Decedent' negligence and/or third parties and/or other persons fault contributed to Plaintiff and/or Decedent injuries and damages.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

70. Defendants' actions were in self defense and or defense of others.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

71. Defendants owed no duty of care to Plaintiffs. See, Zelig v. County of Los Angeles, 27 Cal.4th 1112, 1131 (2002); see also, Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1171 (C.D. Cal. 2018); de Villers v. County of San Diego, 156 Cal.App.4th 238, 249-253 (2007).

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

72. Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

73. Plaintiffs' suit is barred by the doctrine of unclean hands.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

74. Any injury to Plaintiffs and/or Decedent was due to and caused by Plaintiff's and/or Decedent's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiffs' and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiffs and/or Decedent. Any damages awarded in this action should therefore be in direct proportion to the fault of

Defendant, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiffs must be reduced by the amount of Plaintiffs' and/or Decedent's negligence or fault as provided by California <u>Civil Code</u> §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

75. The damages allegedly sustained by Plaintiffs, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of Plaintiffs, Decedent and/or independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in unforeseeable superseding and intervening causes of Plaintiffs' alleged damages, which thereby relieves these responding Defendants from liability.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

76. Because Plaintiffs' TAC is couched in conclusory terms, the Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of the Third Amended Complaint and that Defendants herein recover their attorney's fees, costs and such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

DATED: February 20, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO
FERNANDO GONZALEZ; JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE AND CHRISTOPHER CHERMS

# DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: February 20, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO