SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF SAN BERNARDINO, FERNANDO GONZALEZ; JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE and CHRISTOPHER CHERMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JAMES, STACEY ABBOTT; COLLEEN MANGHANE; and ROBERT MANGHANE<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, BRANDON VENTRE; BLAINE FLEMING; MICHAEL MCMAHON; FERNANDO GONZALEZ; CHRISTOPHER CHERMS; JUSTIN SNYDER; and DOES 1-15, inclusive,<br><br>Defendants. | MASTER CASE NO. 5:25-cv-00140 WLH (ACCVx)<br><br>*Consolidated with 5:25-cv-01107-JGB (DTB)*<br><br>*Assigned for All Purposes to Honorable Wesley L. Hsu*<br><br>*Magistrate Judge: Angela C.C. Viramontes*<br><br>**[DISCOVERY MATTER] before Magistrate Judge Angela C.C. Viramontes**<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL; MEMORANDUM OF POINTS & AUHTORITIES; DECLARATION OF EDWARD J. SOUTHCOTT**<br><br>*[Proposed] Order Concurrently Lodged*<br><br>Date:      August 5, 2026<br>Time:      10:00 a.m.<br>Crtrm:    4<br><br>*Case No. 5:25-cv-00140-WLH (ACCV)*<br>*Complaint Filed:    January 17, 2025*<br>*FAC Filed:            March 20, 2025*<br>*SAC Filed:            May 29, 2025*<br>*TAC Filed:            February 6, 2026* |

**1**
**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

Case No. 5:25-cv-01107-JGB (DTB)
Complaint Filed:    May 7, 2025
FAC Filed:         August 29, 2025

Trial Date:         None Set

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 5, 2026 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, CA 92501 Defendants COUNTY OF SAN BERNARDINO, FERNANDO, GONZALEZ, JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE, and CHRISTOPHER CHERMS ("County Defendants" or "Defendants") will, and hereby do, move this Court for an order requiring non-party CANYON RIDGE HOSPITAL ("Canyon Ridge") to produce all documents responsive to the previously served Subpoena for Records ("Subpoena") pursuant to Federal Rules of Civil Procedure Rule 45.

Specifically, the subpoena seeks, "Any and all medical records, pertaining to Aaron Arthur James, DOB: 07/19/2006, SSN: [ ], including but not limited to: any and all emergency room records, history and physicals, admission and discharge summaries, radiology reports, pathology reports, flow sheets, medication and/or prescription logs-including samples log(s), nurses notes, consultations, tests, test results, diagnoses, prognoses, therapy records, correspondence, photographs, archived records, any and all documents which may be contained in patient file from other care providers, including patient information sheet, handwritten notes, telephone messages, electronic media and any correspondence pertaining to the patient." (Edward Southcott Decl. ¶3, Ex. A – 2026 Subpoena).

County Defendants' Motion is made on the basis that, according to Decedent's medical record at Desert Valley Hospital, it was scheduled that

**2**
**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

Decedent would be transported to Canyon Ridge when he escaped from the hospital on April 2, 2024. Even if Decedent was not physically admitted to Canyon Ridge, Canyon Ridge may still have some records regarding when and why Decedent was to be admitted.

As such, County Defendants originally issued subpoena on May 29, 2025, with a production date of June 23, 2025. (Southcott Decl. ¶3, Ex. B – 2025 Subpoena). The subpoena was objected to by counsel representing then-Co-Plaintiffs Colleen Manghane and Robert Manghane. (Southcott Decl. ¶4, Ex. C – Objections).

On January 29, 2026, the parties reached a stipulation to dismiss all claims by then-Co-Plaintiffs COLLEEN MANGHANE and ROBERT MANGHANE (Dkt. No. 102 – Stipulation to Dismiss Claims; Dkt. No. 111 – The Court's Order). With the objecting Plaintiffs now dismissed from the case, County Defendants issued a new subpoena on February 27, 2026, requesting the production of records pertaining to Decedent with a production date of April 16, 2026. (Southcott Decl. ¶2, Ex. A – 2026 Subpoena). According to County Defendants' deposition officer, Lexitas, an authorization was needed in order for the records to be produced. (Southcott Decl. ¶5, Ex. D – Email from Lexitas re Authorization).

Defense counsel attempted to resolve the issue by meeting and conferring with Plaintiff's counsel to obtain Plaintiff's assent to the Authorization. On March 3, 2026, Defense counsel sent Plaintiff's counsel a letter for Plaintiff's authorization. (Southcott Decl. ¶6, Ex. E – Meet and Confer Letter). Defense counsel further followed up on March 13, 2026. (Southcott Decl. ¶7, Ex. F – Follow-up Email).

On March 30, 2026, having received no response from Plaintiffs, Defense counsel requested a Pre-Motion Discovery Dispute Conference pursuant to Judge

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

Viramontes's procedures.[1] (Southcott Decl. ¶8, Ex. G – Email Communication with Court). This request was withdrawn after Plaintiffs provided the signed authorization that was the subject of the discovery dispute on April 1, 2026. (Southcott Decl. ¶9, Ex. H – Signed Authorization).

On April 13, 2026, despite the fact that Lexitas had submitted Plaintiff Stacey Abbott's authorization, Canyon Ridge sent a letter refusing to produce Decedent's records. (Southcott Decl. ¶10, Ex. I – Rejection Letter.) Lexitas informed Canyon Ridge that the patient (Decedent) had died and that Decedent's mother signed the authorization. (See, Southcott Decl. ¶11, Exhibit J – Emails with Lexitas). However, Canyon Ridge demanded a copy of Decedent's death certificate. (*Id*.). The copy of Decedent's death certificate available to Defendant, however, has the name of Plaintiff Stacey Abbott redacted. Defense counsel communicated with Plaintiffs' counsel seeking an unredacted copy of Decedent's death certificate, to no avail. (Southcott Decl. ¶X, Ex. K – Email re Death Certificate).

On June 11, 2026, Lexitas contacted Canyon Ridge for the release of the record. Canyon Ridge refused to comply absent an updated release form with a wet signature from the guardian listed on the death certificate, the requester's name included on the release, and a death certificate that clearly shows the guardian's full name without redaction. (*See*, Ex. J).

As of the date of this Motion, Plaintiffs' counsel has not responded to County Defendants' request to provide an unredacted copy of Decedent's death certificate. (Southcott Decl. ¶13). However, based on the exchanges to date, it is highly likely that no matter what Defendants provide to Canyon Ridge, they will continue to come up with one excuse or another to avoid producing Decedent's records, even

---

[1] Although this motion is filed pursuant to F.R.C.P. 45, and not subject to the Pre-Motion Discovery Dispute Conference of Local Rule 37, a conference was requested in hope of gaining Plaintiff's cooperation.

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

though Plaintiffs' counsel did not submit any objections. Consequently, Defendants have no choice but to file this Motion.

As explained further below, County Defendants are entitled to discovery concerning Plaintiff's medical record regarding his mental health condition and have been unable to gain Canyon Ridge's compliance despite diligent efforts.

DATED: July 6, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By:  */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO
FERNANDO GONZALEZ; JUSTIN
SNYDER, MICHAEL MCMAHON,
BLAINE FLEMING, BRANDON
VENTRE and CHRISTOPHER CHERMS

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      <u>PRELIMINARY STATEMENT</u>**

Plaintiffs Arthur James and Stacey Abbot ("Plaintiffs") filed their original Complaint for damages against Defendants regarding the death of their estranged son on January 17, 2025. (Dkt. No. 1 – Plaintiffs' Complaint).

Defendants originally issued a subpoena on May 29, 2025, seeking Decedent's mental health records from Canyon Ridge on the grounds that Plaintiffs have put Decedent's mental state in question by alleging County Defendants' failure to properly address Decedent's alleged mental health crisis during the incident. (Southcott Decl. ¶3, Ex. B – 2025 Subpoena). However, then- Co-Plaintiffs' counsel asserted an objection to the subpoena. (Southcott Decl. ¶4, Ex. C – Objection to Subpoena.)

Once the objecting Co-Plaintiffs were dismissed from the case, Plaintiffs filed their Third Amended Complaint ("TAC"). (Dkt. No. 105 – Operative Complaint.) Their TAC set forth that 17-year-old Decedent suffered a serious mental health crisis and was originally transported to Desert Valley Hospital on March 31, 2024. (Dkt. No. 105, 10:5-14). Plaintiffs allege that on April 2, 2024, while Decedent was still experiencing a mental health crisis, he was scheduled to be transported to a mental health facility from Desert Valley Hospital. (Dkt. No. 105, 10:11-14). Plaintiffs also contend that Decedent suffered mental injury prior to his death, and loss of enjoyment of life as a result of the County Defendants' actions. (Dkt. No. 105, 16:1-3). According to Decedent's medical record at Desert Valley Hospital, Decedent was pending transfer to Canyon Ridge when he escaped from the hospital on April 2, 2024. Even if Decedent was not physically admitted to Canyon Ridge, Canyon Ridge is believed to have records regarding when and why Decedent was being transferred, which may help to explain Decedent's mental health during the timeframe of the incident.

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

In an attempt to investigate Plaintiffs' claims and the extent of Decedent's alleged damages, Defendants again subpoenaed Canyon Ridge Hospital for Decedent's mental health records on February 27, 2026. (Southcott Decl. ¶2, Ex. A – 2026 Subpoena.)

According to County Defendants' deposition officer, Lexitas, Canyon Ridge required a signed authorization in order for the records to be produced. (Southcott Decl. ¶5, Ex. D – Lexitas Email.)

Defense counsel attempted to resolve the issue by meeting and conferring with Plaintiff's counsel to obtain Plaintiff's authorization.  On March 3, 2026, Defense counsel sent Plaintiff's counsel a letter requesting Plaintiff's authorization. (Southcott Decl. ¶6, Ex. E – Meet and Confer Letter.) Defense counsel followed up on March 13, 2026. (Southcott Decl. ¶7, Ex. F – Follow-up Email.)

On March 30, 2026, having received no response from Plaintiffs, Defense counsel requested a Pre-Motion Discovery Dispute Video Conference pursuant to Judge Viramontes's procedures. (Southcott Decl. ¶8, Ex. G – E-mail Communication with Court). This request was withdrawn after Plaintiffs provided the signed authorization that was the subject of the discovery dispute on April 1, 2026. (*Id*.).

On April 13, 2026, despite the fact that Lexitas had submitted Plaintiff Stacey Abbott's authorization, Canyon Ridge sent a letter refusing to produce Decedent's records. (Southcott Decl. ¶10, Ex. I – Rejection Letter.) Lexitas informed Canyon Ridge that the patient (Decedent) had died and that Decedent's mother signed the authorization. (*See*, Southcott Decl. ¶11, Exhibit J – Emails with Lexitas). However, Canyon Ridge demanded a copy of Decedent's death certificate. (*Id*.). The copy of Decedent's death certificate available to Defendant, however, has the name of Plaintiff Stacey Abbott redacted. Defense counsel communicated with Plaintiffs' counsel seeking an unredacted copy of Decedent's death certificate, to no avail.

7

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

(Southcott Decl. ¶12, Ex. K – Email re Death Certificate).

On June 11, 2026, Lexitas contacted Canyon Ridge for the release of the record. Canyon Ridge refused to comply absent an updated release form with a wet signature from the guardian listed on the death certificate, the requester's name included on the release, and a death certificate that clearly shows the guardian's full name without redaction. (*See*, Ex. J).

As of the date of this Motion, Plaintiffs' counsel has not responded to County Defendants' request to provide an unredacted copy of Decedent's death certificate. (Southcott Decl. ¶13). However, based on the exchanges to date, it is highly likely that no matter what Defendants provide to Canyon Ridge, they will continue to come up with one excuse or another to avoid producing Decedent's records, even though Plaintiffs' counsel did not submit any objections. Consequently, Defendants have no choice but to file this Motion.

Ample good cause exists for an order to enforce County Defendants' subpoena to Canyon Ridge regarding Decedent's records in their possession given that Decedent's mental condition during the incident is at issue in this matter. (*See*, Dkt. No. 105).

II.  **THE DISCOVERY COUNTY DEFENDANTS SEEK IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS MATTER AND IS PROPORTIONATE TO THE NEEDS OF THE CASE**

Federal Rules of Civil Procedure Rule 26(b)(1) permits discovery of non-privileged information "that is relevant to any party's claim or defense and proportional to the needs of the case."  Further, relevancy for purposes of discovery is construed broadly. *See*, *Pate v. Pacific Harbor Line, Inc.*, 2023 WL 2629867, at *8 (C.D. Cal. 2023) (Relevancy, for discovery purposes, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.").

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

Here, County Defendants' Motion is made on the basis that Plaintiffs' Operative Complaint puts Decedent's mental health records from Canyon Ridge at issue related to damages and liability of the County Defendants. (Dkt. No. 105 – Plaintiffs' Operative Complaint). Defendants' request is thus proportionate to the needs of the case given the importance of the issues at stake in this action and the importance of the requested discovery in resolving said issues. More specifically, given that Decedent was receiving treatment for his mental issues at Desert Valley Hospital and had been scheduled to be transferred to Canyon Ridge Hospital when he absconded, after which the incident in question occurred, the requested records are clearly relevant.

As such, Decedent's mental health treatment records play a crucial role in assessing Decedent's mental health issues and are thus highly relevant.

III.    **ALL DOCUMENTS REQUESTED FROM CANYON RIDGE HOSPITAL MUST BE PRODUCED**

Federal Rules of Civil Procedure Rule 45(a)(1)(D) permits a party to issue a subpoena commanding an entity "to produce documents, electronically stored information, or tangible things." Federal Rules of Civil Procedure Rule 45(d)(2)(B) states, "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Canyon Ridge did not serve any objections to the subpoena.

Given the importance of these records and the lack of objection, County Defendants respectfully request the Court Order Canyon Ridge to produce all records requested. Additionally, as stated above, these records are directly relevant

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

given Plaintiffs have put Decedent's mental health in question by asserting that Decedent suffered mental injury prior to his death. (Dkt. No. 105, 16:1-3.) Further, Plaintiffs have put Decedent's mental state in question by alleging County Defendants' failure to properly address Decedent in his mental health crisis during the incident. (Dkt. No. 105, 11:16-20.)

## IV.    CONCLUSION

For the foregoing reasons, County Defendants respectfully request that the Court grant their Motion as prayed pursuant to Federal Rules of Civil Procedure Rule 45.

DATED: July 6, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO, FERNANDO GONZALEZ; JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE and CHRISTOPHER CHERMS

**10**
**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for County Defendants certify that this brief contains 1,258 words, which:

√ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: July 6, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO, FERNANDO GONZALEZ; JUSTIN SNYDER, MICHAEL MCMAHON, BLAINE FLEMING, BRANDON VENTRE and CHRISTOPHER CHERMS

**MOTION TO ENFORCE SUBPOENA TO CANYON RIDGE HOSPITAL**